H. Schultze v. Alamo Ice and Brewing Company et al.

No. 33.

1. **Mechanic's Lien — Equity of Redemption.**—In suit to enforce mechanic's lien against alleged owner and an encumbrancer by mortgage upon the property, the alleged owner made default, and it did not appear that the mortgage had been foreclosed. *Held*, that plaintiff was entitled to decree of foreclosure of the equity of redemption in the property.

2. **Same—Construction of Statute.**—Construing the Constitution and legislation under it relating to mechanics' liens, it is *held*, that as between the parties the lien exists in favor of a mechanic working on a contract made with one not owning the land upon which the work was being performed, but who obtained title while the work was pending. The rule that statutes in derogation of the common law must be strictly construed does not obtain in this State.

3. **Same— Parol Contract.**— In absence of fraud, a mechanic's lien fixed in the manner prescribed by the statute (article 3166, Revised Statutes), by filing for record his verified account within the time prescribed by the statute, takes priority over a mortgage made and recorded subsequent to the beginning of the work.

4. **Same.**— Within the period of time allowed by statute for the lien to be fixed by being recorded, every person dealing with the property is charged with notice of the existence of the lien.

APPEAL from Bexar. Tried below before J. H. McLEARY, Esq., Special District Judge.

*Geo. C. Altgelt*, for appellant.—1. The lien attached upon the possessory right or equitable title of the Alamo Ice and Brewing Company, without reference to the acquisition of the legal title. Rev. Stats., arts. 3164, 3179; Colman v. Goodnow, 39 Minn., 9; Evans v. Young, 10 Colo., 316; Phil. on Mech. Liens, sec. 75; Guffey v. O'Reilly, 88 Mo., 418; Henderson v. Conolly, 123 Ill., 98; Paulson v. Manske, 126 Ill., 72; Burr v. Maultsby, 99 N. C., 263.

2. The facts showed a lien. Taylor v. Huck & Co., 65 Texas, 238; Phil. on Mech. Liens, secs. 69, 74, 75, 76, 187, 188, 194; Monroe v. West, 12 Iowa, 119; Wright v. Birchus' Exrs., 72 Mo., 179; Mitchell v. Winslow, 2 Story, 630; Lyon v. McGuffy, 4 Pa. St., 126· Corbett v. Greenlaw, 117 Mass., 167.

*Henry P. Drought*, for appellees.—1. A mechanic's lien can not be created unless the contract is made with the owner or proprietor of the property on which it is sought to fix the lien. Rev. Stats. (Sayles ed.), art. 3164; Jones v. Walker, 62 N. Y., 612; Jones on Liens, secs. 1251, 1253, 1255.

2. Where the lien is created by virtue of a contract with the owner or proprietor of the land, and at the time of entering into the contract the person contracting for labor and materials had no estate or interest in the land, he can confer no right of lien, even though before the contract is completed he acquires title. Stevens v. Lincoln, 114 Mass., 476; Proctor v. Tows, 115 Ill., 138; Jones on Liens, secs. 1245, 1259.

3. A subsequent conveyance under a contract of purchase is a new and independent title, and is not an enlargement of any estate existing in the vendee, and does not enure to the benefit of one whom the purchaser had employed to labor or furnish materials before the conveyance. Jones on Liens, secs. 1248, 1254, 1255, 1259.

KEY, ASSOCIATE JUSTICE.— Appellant brought this suit against the Alamo Ice and Brewing Company, a corporation, for the recovery of a debt and foreclosure of a mechanic's and builder's lien on certain real es-

tate in the city of San Antonio. There were several other defendants, only one of whom, S. D. Scudder, contested appellant's alleged lien. Some disclaimed, and others made default. The Alamo Ice and Brewing Company was one of the latter.

Appellee Scudder averred in his answer, that prior to the accrual of appellant's alleged lien, the Alamo Ice and Brewing Company executed a deed of trust on the property, to secure a debt for borrowed money, to himself and W. J. B. Patterson for $15,000, and that in pursuance of the trust deed it was sold to said Scudder. He also averred that he was the owner of a judgment lien against the property superior to appellant's asserted lien.

The trial court filed findings of facts, which we adopt, as follows:

"1. That the defendant the Alamo Ice and Brewing Company is indebted to the plaintiff, H. Schultze, in the sum of $1824.51 principal, and $174.30 interest, aggregating the sum of $1998.81.

"2. That said debt found to be due the plaintiff is so due him for labor and material furnished by him to the Alamo Ice and Brewing Company, under a contract with said company for the construction of a house or factory situated upon the lot of land described in the pleadings, and being 'all that certain tract or parcel of land lying and being in the State of Texas, county of Bexar, within the corporate limits of the city of San Antonio, on the corner of West Houston and Cameron Streets, bounded on the north by said West Houston Street, on the east by said Cameron Street, on the south by the old Odet property, and on the west by San Pedro Creek.'

"It is further found as a fact, that said material and labor so furnished by plaintiff to said defendant toward and upon the improvements on said property was furnished between the 1st day of March, 1887, and the 14th day of December, 1887. That the account attached to the plaintiff's petition, amounting to $2624.50, for said labor and material, is correct, except that on February 16, 1888, plaintiff received from said company $800 in the capital stock of said company, and allowed credit accordingly.

"3. The court further finds as a fact, that previous to December 14, 1887, the defendant the Alamo Ice and Brewing Company, being unable to construct the wood and frame work necessary for the support of the iron and tin work yet to be done by plaintiff, the plaintiff, with consent of said defendants, stopped work and delivery of materials. That plaintiff did on said 14th day of December, 1887, and within less than four months after the accrual of his said debt, file for registration in the office of the county clerk of Bexar County the itemized account of his said claim, verified by affidavit as the same appears in exhibit A, attached to plaintiff's petition, and did cause the same to be recorded; said exhibit A, with the affidavits and certificates thereto attached, being now here

referred to by the court, and not deemed necessary to be herein copied, because said exhibit shows fully the steps taken.

"The court further finds, that plaintiff made the verbal contract for said labor and material furnished with the Alamo Ice and Brewing Company substantially as alleged by him, and performed said contract substantially as alleged by him, until further performance was prevented by said defendant in the manner aforesaid.

" 4. That in February and March, 1887, and up to and until the 3d day of November, 1887, the Alamo Ice Company was the owner of the lot of land on which said building was constructed, and on that day the said Alamo Ice Company conveyed the said land to the Alamo Ice and Brewing Company, by deed duly executed, acknowledged, and recorded.

" 5. That the Alamo Ice Company was chartered on the 23d day of May, 1881, for the purpose of manufacturing and selling ice and such other articles as the machinery used in making ice may be adapted to.

" 6. That the Alamo Ice and Brewing Company was chartered on the 12th day of October, 1886, for the purpose of manufacturing ice and beer.

" 7. That the officers and some of the stockholders of the Alamo Ice Company and the Alamo Ice and Brewing Company in February and March, 1887, were identical, J. H. Smye being the president, and W. C. Peters the secretary of the Alamo Ice and Brewing Company, and having held those positions in the Alamo Ice Company prior to selling out. And in in the fall of 1886, Smye and Peters, having received new stock in lieu of it, transferred their stock in the Alamo Ice Company to the Alamo Ice and Brewing Company, subject to some debts for which a portion of it was pledged. That this stock so transferred constituted a majority of the capital stock of the Alamo Ice Company. That the other stockholders made transfers of their stock from time to time until the 15th of November, 1887, before it was all transferred and new stock of the Alamo Ice and Brewing Company issued in place of it.

" 8. That on the 10th day of November, 1887, the Phil Best Brewing Company recovered a judgment in the Federal court at San Antonio, against the Alamo Ice Company, otherwise known as the Alamo Ice and Brewing Company, for $3145.12, an abstract of which was duly filed, indexed, and recorded in the records of the office of the county clerk of Bexar County on the 11th day of November, 1887, at 2:30 o'clock p. m.

" 9. That on the 15th day of November, 1887, the Alamo Ice and Brewing Company, through its proper officers, made a deed of trust on the property in the angle of Houston and Cameron Streets, heretofore described, to secure three notes of $5000 each, which deed of trust named H. P. Drought as trustee, and was duly recorded on the 15th day of November, 1887.

" 10. That the judgment in the United States court in the case of the Phil Best Brewing Company v. Alamo Ice Company was rendered on

the 11th day of November, 1887, and execution was issued thereon on the 29th day of December, 1887, and returned 'by order of the plaintiff's attorney' on the 5th day of May, 1888.

"11. That from the 1st of March, 1887, until the 3d day of November, 1887, the possession of the lot of land and the improvements and plant thereon was in J. H. Smye and W. C. Peters, who were stockholders, directors, and officers in the Alamo Ice and Brewing Company, and held the same positions in the Alamo Ice Company prior to selling out and transferring their stock in that company."

And the following is added, as further findings of facts by this court:

12. The testimony further shows, that in 1886, J. H. Smye, its president, and W. C. Peters, its secretary, owned six-tenths of the capital stock of the Alamo Ice Company; that the firm of Leroux & Cosgrove and Alfred Giles owned the remaining four-tenths of its capital stock. That the owners of a majority of said stock determined to enlarge the business by including therein the manufacture of beer, and for that purpose the Alamo Ice and Brewing Company was chartered and organized; all the stockholders of the Alamo Ice Company agreed to this change in the business except Giles, and it was not shown that appellant knew of his objecting until after he furnished the labor and material constituting the debt sued on. That appellant was engaged to furnish said labor and material by said Smye and Peters, president and secretary of the two corporations, while they were in possession of and managing the property. That part of the same was furnished after November 3, 1887, though what proportion is not shown. That Smye and Peters considered themselves in possession of the property for the Alamo Ice and Brewing Company at the time they employed appellant. That appellant did not know the condition of the title to the property until in December, 1887.

13. It was shown that all the stockholders of the Alamo Ice Company except Giles knew that appellant was furnishing labor and material to build the house on the land in question, and none of them objected.

14. The testimony also shows that the three notes for $5000 each, mentioned in the ninth finding of the court below, were made to Patterson & Scudder, and were for borrowed money, part of which was used in the construction of the improvements on the lot in controversy, and that said debt was secured by the trust deed referred to in said finding. Patterson admitted in his answer that his partner, Scudder, had acquired all the rights of Patterson & Scudder under the deed of trust to the property in question.

15. At the time of taking the trust deed, Scudder caused the record to be searched, and found no encumbrances on the property.

The District Court rendered judgment for appellant against the Alamo Ice and Brewing Company for the amount of his debt; but held, that on

the facts shown he had never acquired a lien on the real estate in question. It was also held, that appellee Scudder under his pleadings and proof was not entitled to affirmative relief, and was given judgment for his costs only.

1. As appellee Scudder failed to connect himself with the recorded judgment in favor of the Phil Best Brewing Company, and has assigned no error upon the action of the court in excluding evidence offered for that purpose, we deem it unnecessary to specially consider that branch of the case.

2. Appellant alleged in his petition that the Alamo Ice and Brewing Company was the owner of the land at the time the contract for labor and material was made, and said company, as defendant, filed no answer, but made default. Under these circumstances, as against this company, appellant was not required to prove its ownership of the land at the time the contract in question was made; and as the record does not show that the trust deed to secure the money borrowed by said company from Patterson & Scudder has ever been foreclosed, he was, at least, entitled to a judgment establishing and foreclosing his lien against the property in question, subject to the Patterson & Scudder debt. In other words, as the evidence does not show that the Alamo Ice and Brewing Company's equity of redemption has been sold and bought in by Scudder, as alleged in his answer, and as the company made default, appellant was entitled to a judgment subjecting the company's right of redemption to the satisfaction of his debt.

3. Appellant contends, however, that he is entitled to a judgment establishing his lien against the property and according it priority over the mortgage lien of Patterson & Scudder, or any right or title dependent upon their mortgage. On the other hand, Scudder resists this contention, and claims, that as the mortgagor, the Alamo Ice and Brewing Company, had no title to the land upon which the house was built at the time it contracted with appellant to furnish labor and material for its construction, appellant could not, and did not, acquire a lien on the property, although said company acquired title thereto prior to the execution of the mortgage under which appellee claims, and pending performance by appellant of his part of the contract.

These diverse propositions present the principal, if not the controlling, question in the case. The trial court concurred in the views urged by counsel for Scudder, and held that appellant never acquired any lien on the property.

In this ruling we think there was error.

In this State, builders' and mechanics' liens rest upon both constitutional and statutory provisions of law. The former is in the following

language: "Mechanics, artisans, and material men of every class shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." Const., art. 16, sec. 37.

So much of the statute relating to this subject as bears upon the questions involved in this case reads as follows: "Any person or firm, lumber dealer, artisan, or mechanic, who may labor or furnish material, machinery, fixtures, and tools to erect any house or improvement, or to repair any building or improvement whatever, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, or contractor, upon complying with the provisions of this act, shall have a lien on such house," etc. Rev. Stats., art. 3164.

It is true, perhaps, that a strict interpretation of the statute will limit its benefits to those who furnish labor, material, etc., under a contract with the owner, or with his agent, trustee, or contractor, made while he is such owner.

But in view of the broad language of the Constitution and our statutory provision which declares that the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall have no application to the Revised Statutes, and that the provisions thereof shall be liberally construed, with a view to effect their objects and to promote justice (General Provisions Revised Statutes, section 3), we do not think this interpretation ought to prevail in this case.

Mr. Jones, in his treatise on Liens, section 1248, uses this language: "One having merely a contract for the purchase of land can not subject the freehold to a mechanic's lien, although he subsequently, after the completion of the work for which a lien is claimed, takes a conveyance of the fee in pursuance of a contract."

A number of cases are cited by this author to support the doctrine announced, many of which have very little and some have no application. The strongest case referred to is that of Howard v. Veazie, 3 Gray, 233. In this and all other cases cited by this author to support the text, rights. of third persons differing from the rights of the parties to the contract were involved.

In the case mentioned, the Massachusetts lien statute was construed. In that State it is provided, that "such lien shall not attach unless the contract is made in writing and signed by the owner of the land, or some person duly authorized by him, and recorded in the registry of deeds for the county where the land lies." The same statute declares, that "if the person who procures the work to be done has an estate for life only, or any other estate less than a fee simple, in the land on which the work is to be done, he shall nevertheless be considered as the owner for the purposes of this chapter, to the extent of his right and interest in the land,

and the lien before provided for shall bind his whole estate and interest therein."

It was held by the court, that the word "owner," as used in that statute, had reference to the time of the execution of the contract; and it was also held, that the lien was dependent upon and existed when the written contract was executed and recorded.

The cases of Hayes v. Fessenden, 106 Massachusetts, 228, and Middleton Savings Bank v. Fellows, 42 Connecticut, 36, are in line with the case of Howard v. Veazie; but the Connecticut case is weakened by the dissent of two judges of the five composing the court.

A somewhat similar rule appears to prevail in Maine. Connor v. Lewis, 16 Me., 268; Johnson v. Pike, 35 Me., 291.

Other authorities, however, not cited by Mr. Jones, support a much more liberal construction of lien statutes. In the case of Coleman v. Goodnow et al., 36 Minnesota, 9, it was shown, that the plaintiff furnished the last of the material for the erection of a building, about the 16th day of December, 1880; the building was commenced in October, 1880, the defendants being in possession of the premises at the time; it was not shown that they had any contract to purchase, and when the contract was made the defendants had not acquired title to the land, but the same was owned by one Pease, who conveyed the same to the defendant Goodnow, November 23, 1880. In that case the mechanic's lien was upheld; the court holding that the acquisition of title by Goodnow united in him the ownership of the house and lot, and that the lien rested upon his interest in both, and that he would not be permitted to defeat it by setting up title in a third person previous to that date. It is true, that the opinion does not disclose the terms of the statute then in force in that State, nor have we had access thereto. We infer, however, from the tenor of the opinion, that the statute in question required a contract with the owner. See also Hooker v. McGlone, 42 Conn., 95.

Mr. Phillips announces the true rule to be, that the person for whom the improvement is made will be estopped from denying that he is the owner of the land. Phil. on Mech. Liens, sec. 187.

In construing remedial statutes, regard should be had for the spirit as well as the letter of the law. In order to effect its object and attain the ends of justice, the statute in question should be liberally construed; but to avoid injustice to others, not its beneficiaries, it should also be fairly construed.

Applying this rule of construction in the case at bar, and bearing in mind the fact that before appellant filed his account, as required by the statute, to secure his lien, and pending performance of the contract by him, the other party to the contract, the Alamo Ice and Brewing Company, acquired title to the premises, we hold, that as between them he has

his lien on the property; and unless appellee Scudder is protected as an innocent purchaser or mortgagee, this lien is superior to his claim.

That the Constitution is to be considered in determining who are the beneficiaries under, and the extent and scope of the law securing such liens, see the opinion in Keating Implement and Machine Company v. Marshall Light and Power Company, 74 Texas, 605. In that case a very plausible construction of a provision of the statute was repudiated, because its adoption would restrict a right fixed and secured by the Constitution.

The rule of construction, applicable in many States of the Union, that statutes in derogation of the common law are to be strictly construed, probably had considerable influence in producing the line of decisions that place rigid interpretations upon statutes creating and securing mechanics' and material men's liens. Indeed, Mr. Jones, in section 1554 of his treatise on Liens, says: "Mechanics' liens are in derogation of the common law, depending for their existence wholly upon statutes; and therefore, upon the question whether a lien attaches at all, a strict construction is proper." As before said, and for reasons given, this rule of construction has no application in this State.

4. Appellee Scudder, however, claims protection as a bona fide mortgagee and purchaser for value and without notice. This claim is founded upon these facts: November 15, 1887, Patterson & Scudder made a loan of $15,000 to the Alamo Ice and Brewing Company, to secure which a trust deed was executed by said company on the property in question; at the time of making this loan, they caused the records of Bexar County to be examined, and found no evidence of appellant's lien or claim on record, and Patterson admitted in his answer that the averments in Scudder's answer, to the effect that the property had been sold under the deed of trust and purchased by him, Scudder, were true. As against appellant, the record contains no proof of such sale.

It was not charged in the answer, and there was no evidence tending to show, that the money was loaned or mortgage taken because of any concealment, misrepresentation, or other fraudulent conduct on the part of appellant. Appellant's claim against the Alamo Ice and Brewing Company was founded upon a verbal contract, by the terms of which he was to furnish all the sheet iron, tin, galvanized iron, and other like material, as well as the necessary labor, to cover the sides and roof of a factory; and under article 3166, Sayles' Civil Statutes, he was allowed four months after his demand became due to secure his lien by filing for record his verified account. His debt was not due until the company notified him of its insolvency and inability to complete the building, and directed him to quit work thereon; and he at once filed his account in compliance with the statute referred to.

It follows, therefore, that although appellant's lien was not of record when the mortgage was taken, the fact of it not being recorded does not rest upon any negligence or fault of his. Under the existing conditions, it could not have been recorded sooner than it was—December 14, 1887.

This being the case, the doctrine of innocent purchaser founded upon noncompliance with registration statutes has no application; and it follows, no fraud being charged against appellant, that if his lien antedates the mortgage, it must be accorded priority.

It was held in Trammell v. Mount, 68 Texas, 215: "The lien of a mechanic, though not fixed before record of the contract or bill of particulars, when it is fixed, relates back to the time when the work was performed or material furnished, and hence takes precedence of all claims to the property improved which have been fastened upon it since that time." In Keating Implement and Machine Company v. Marshall Light Company, supra, this doctrine was reaffirmed, and the broad proposition asserted, that within the period of time allowed by the statute for the lien to be fixed by being recorded, every person dealing with the property is charged with notice of the existence of the lien.

In our opinion, appellant's lien existed at and from the time he begun performance of his contract, and no sufficient showing is made by the facts proved or alleged to postpone it to the mortgage under which Scudder claims.

The judgment of the District Court will therefore be reversed, and judgment rendered in this court for appellant against the Alamo Ice and Brewing Company for $1998.81, with interest at 8 per cent per annum from the 26th day of March, 1889, and establishing and foreclosing his mechanic's lien as prayed for against all the defendants.

*Reversed and rendered.*

Delivered January 18, 1893.