**ROBERT BURNS CONCRETE CONTRACTORS, INC., Appellant,**

v.

**Jay NORMAN et ux., Appellees.**

**No. 1093.**

Court of Civil Appeals of Texas, Tyler.

Jan. 26, 1978.

Rehearing Denied Feb. 23, 1978.

John Emmett, Dallas, for appellant.

Robert C. Johnson, Grady, Johnson, Smith & Blakeley, Dallas, for appellees.

MOORE, Justice.

Plaintiff, Robert Burns Concrete Contractors, Inc., instituted suit against defendants, Jay Norman and wife, Ethel J. Norman (Normans), to foreclose a mechanic's and materialmen's lien on a house owned by the Normans and situated on Lot 3 of Block L/8188 of Prestonwood Estates Addition to the City of Dallas, Texas. Plaintiff alleged that prior to the time the Normans acquired the title to the lot in question, plaintiff entered into a contract with the Normans' general contractor, Godwin Bevers Company, Inc. (Bevers), to construct a concrete foundation for the house to be built thereon and that Bevers failed and refused to pay the balance due on the contract in an amount in excess of $3,000.00. Plaintiff further alleged that it duly perfected its mechanic's lien on the lot by giving notice to Bevers, who, according to plaintiff, acquired title and became the owner of the lot prior to the time the Normans acquired title. Plaintiff therefore asserted that the lot was burdened with the lien at the time the Normans subsequently acquired title thereto. Plaintiff prayed for a judgment foreclosing the lien on the lot but did not seek a personal judgment against the Normans. The Normans answered with a general and special denial alleging that plaintiff failed to perfect a statutory or any other kind of mechanic's

lien upon the lot, because plaintiff did not give them, as the owners of the lot, any notice thereof as provided for under the lien statutes. They alleged that notice of the lien given to Bevers was insufficient to perfect a lien against defendants, because Bevers was never the owner of the lot. After a trial before the court sitting without a jury, the court rendered a take-nothing judgment against the plaintiff and this appeal resulted.

We affirm.

The record is before us by way of a statement of facts only, there being no findings of fact or conclusions of law.

The facts, for the most part, are undisputed. The record shows that at the time this controversy arose, Bevers was in the business of constructing homes and Simons Land Co. (Simons) was a land developer who occasionally sold building sites to Bevers. On May 18, 1972, Bevers contracted to buy four lots from Simons, one of which was the lot in question. Shortly thereafter Bevers erected a "for sale" sign on the lot. Having observed the sign, the Normans contracted with Bevers in regard to purchasing the lot and erecting a house thereon. On November 8, 1972, the Normans entered into a written contract with Bevers in which Bevers agreed to sell them the lot and erect a house thereon for a total cash consideration of $71,000.00. At the time the building contract was executed, Bevers advised them that it did not own the lot, but promised that upon the down payment of $11,350.00 as provided in the contract the building company would obtain a deed from Simons conveying them the title to the lot. According to the undisputed testimony of Mr. Norman, it was the understanding of the parties that $8,850.00 of the down payment would be used to purchase the lot and the remainder would be used in commencing construction of the house. At the time Bevers contracted to sell the lot to the Normans, its time limit to purchase the lot had expired. Bevers called Simons and advised that the lot had been sold. The record does not reflect the nature of this conversation; however, Simons apparently

agreed to sell the lot because on November 13, 1972, a general warranty deed conveying the lot to Bevers was prepared and forwarded to Southwest Land Title Company, Simons' escrow agent, with instructions that the deed was not to be delivered until the $8,850.00 was paid. Why the deed was executed to Bevers rather than the Normans is not explained. In any event the record shows that the deed remained at the title company until February 6, 1973.

In the meantime, Bevers, acting as the Normans' general contractor, commenced construction of the house. Shortly thereafter, Bevers subcontracted the concrete foundation work to the plaintiff and subsequently failed or refused to pay plaintiff a balance due thereon in the amount of $3,169.00. The Normans knew nothing of the contract and had no contact whatever with plaintiff. On January 30, 1973, plaintiff, not having been fully paid, filed with the County Clerk of Dallas County an affidavit claiming a mechanic's lien against the lot in question. The affidavit filed by plaintiff stated that Bevers was the owner of the lot, and the testimony shows that notice of the filing of the affidavit for perfecting the lien was timely given to Bevers. No notice, however, was given to the Normans.

Thereafter, on February 6, 1973, Bevers addressed a letter to Simons indicating that it was constructing a home on the lot in question for Mr. & Mrs. Norman, who were paying cash for the lot and improvements. The letter further stated that it was in the best interests of Bevers that the deed to the lot be made directly to the Normans and that the letter would constitute Simons' authority to convey it directly to them. On the same day, Southwest Land Title Company, which apparently had knowledge of the foregoing letter, addressed a letter to Simons Land Company reciting as follows: "We are enclosing check from Godwin Bevers Company in the amount of $8,850.00 covering the above lot, conveyed to Jay Norman and wife, Ethel J. Norman. We are returning the original deed. We are enclosing an authorization for your files

signed by Godwin Bevers Company, Inc." There is no direct evidence showing that at the time Bevers paid for the lot it knew that the deed had been executed to Bevers rather than the Normans. Bevers' letter directing Simons to convey the lot directly to the Normans on the same date it delivered its check in payment of the lot indicates that Bevers was not apprised of the fact that the deed was made out to it until the date payment was made. There is no evidence that Bevers ever obtained possession or accepted delivery of the deed or that it had any intention of doing so. Upon receipt of Bevers' letter directing that the deed be executed directly to the Normans, Simons Land Company executed a deed to them on February 8, 1973. At that time Bevers was in the process of constructing the house, and the Normans continued to advance funds for its construction. In the spring of 1973, after the Normans had advanced Bevers approximately $45,000.00, Bevers went into bankruptcy and the Normans were compelled to employ other contractors to finish the house. Although the house was not completed, the Normans moved into the house on April 1, 1973, and construction was finally completed in the summer or early fall of 1973.

Plaintiff contends by a single point of error that the evidence conclusively shows that when Bevers paid the escrow agent for the lot on February 6, 1973, Bevers automatically became the owner, and that plaintiff was thereby entitled to a constitutional as well as a statutory lien upon the lot prior to the time the Normans acquired title on February 8, 1973. Plaintiff thus contends that the trial court erred in denying it a foreclosure of the lien. In reply, the Normans argue that Bevers never became the owner of the lot since it refused to accept the deed. Hence they argue that since a constitutional lien may be created only when the contract is with the owner of the land, plaintiff cannot claim a constitutional lien. Further, they say that since no notice was given them of the filing of a statutory lien, plaintiff failed to perfect properly a statutory lien. Upon applying the law to the facts as outlined above, we hold that the plaintiff failed to discharge its burden of proving facts necessary to establish either a statutory or a constitutional lien.

■ We will consider first the applicability of the constitutional lien. Art XVI, sec. 37 of the Texas Constitution grants mechanics, artisans and materialmen a constitutional lien which is self-executing and which exists irrespective of noncompliance with the statutory lien procedures. *Hayek v. Western Steel Company*, 478 S.W.2d 786 (Tex.1972); *Strang v. Pray*, 89 Tex. 525, 35 S.W. 1054 (1896). This constitutional provision fixes a lien on property in favor of the principal contractor against the owner, but does not extend to and give other persons a lien who have no privity of contract with the owner, even though they may have furnished material to the principal contractor. *Shields v. Morrow*, 51 Tex. 393 (1879); *First National Bank of Paris v. Lyon-Gray Lumber Co.*, 194 S.W. 1146 (Tex.Civ.App.—Texarkana 1917), affirmed, 110 Tex. 162, 217 S.W. 133 (1919); *Wiseman Hardware Co. v. R. L. King Construction Company*, 387 S.W.2d 79 (Tex.Civ.App.—Dallas 1965, no writ). Thus, in order to establish a constitutional lien, plaintiff had the burden of showing privity of contract with the owner of the lot.

Plaintiff maintains that although Bevers was not the owner of the lot at the time the work was performed and notice of the lien was given, Bevers later acquired title on February 6, 1973, when it delivered its $8,850.00 check to the escrow agent in payment therefor. Plaintiff contends that since Bevers later acquired the title, it is deemed in law that Bevers was the owner at the time the labor and materials were furnished.

We have no reason to question the authorities relied on by the plaintiff which hold that when one has furnished material and labor to a prospective owner before he acquires title, a mechanic's and materialmen's lien may be perfected when the title is later acquired. *Irving Lumber Co. v. Alltex Mortgage Company*, 468 S.W.2d 341 (Tex.1971); *Yeager Electric & Plumbing*

*Co., Inc. v. Gaines Building, Inc.,* 492 S.W.2d 921 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Schultze v. Alamo Ice & Brewing Co.,* 2 Tex.Civ.App. 236, 21 S.W. 160 (1893, no writ). The foregoing rule, however, is applicable in situations where it is undisputed that title was in fact later acquired by the prospective owner. In the present case, a serious question is raised as to whether the title actually passed to Bevers. Plaintiff argues that title automatically passed to Bevers when full payment was made by Bevers on February 6, 1973, two days before the Normans acquired title on February 8, 1973. Based on this premise, plaintiff argues that it perfected its lien through Bevers and that the Normans took title subject to its lien. We are not in accord with this proposition.

It has long been the law that a deed must be delivered in order to transfer title. *Dikes v. Miller,* 24 Tex. 417 (1859). Delivery involves and requires acceptance of the instrument, either expressly or impliedly. A deed not accepted by the grantee conveys no interest. The sufficiency of the facts necessary to constitute acceptance of a deed is a question of law for the courts, while ascertainment of the underlying facts is, of course, for the trier of the facts. 19 Tex.Jur.2d Deeds sec. 82, p. 359 et seq.

We find no evidence that Bevers ever requested Simons Land Company to execute the deed to it or that Bevers knew that Simons had executed the deed to it until the time payment was made. The evidence shows that at the time the Normans made the initial $11,350.00 payment, Bevers promised them that it would secure a deed for them. Why the deed was executed to Bevers rather than to the Normans is not disclosed by the record. It appears that upon learning that the deed had been executed to it rather than the Normans, Bevers undertook to rectify that situation by directing the escrow agent to return the deed and by authorizing Simons to make the deed out directly to the Normans. There is no evidence that Bevers ever accepted the deed or had any intention to do

so. On the contrary, it appears that Bevers elected not to accept delivery of the deed. At most the evidence raises nothing more than a question of fact as to whether Bevers ever accepted or intended to accept delivery of the deed. As stated, the record is before us without findings of fact or conclusions of law. Therefore, we must presume that every issue of fact raised by the evidence was found in favor of the Normans in the court below, and we must sustain the judgment entered by the trial court if it can be upheld on any legal theory known to the law. *Bishop v. Bishop,* 359 S.W.2d 869, 871 (Tex.1962); *North East Texas Motor Lines v. Dickson,* 148 Tex. 35, 219 S.W.2d 795, 796 (1949); *Ingram v. D. C. Rachal Ford, Inc.,* 545 S.W.2d 886, 888–9 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd). Consequently, we must presume that the trial court found that Bevers did not accept the deed. In these circumstances no title ever passed to Bevers and Bevers never became the owner of the lot. Therefore, no privity of contract existed between the plaintiff and the owner at the time of the performance of the work. Not having contracted with the owner, plaintiff did not bring itself within the constitutional provision relied on and therefore failed to perfect a constitutional lien.

The remaining question is whether the plaintiff perfected a statutory lien on the lot in question pursuant to Tex.Rev.Civ. Stat.Ann. art. 5453 (Supp. 1978) by reason of its subcontract with the general contractor employed by the Normans. Any contention that a statutory lien was properly perfected is laid to rest by plaintiff's admission that he never gave any notice to the Normans of the filing of a statutory lien.

One of the essential prerequisites in perfecting a statutory lien is that the owner of the property be given notice of the filing of the lien. Art. 5453, sec. 2(b)(2); *Texas Glass & Paint Company v. Crowdus,* 108 Tex. 346, 193 S.W. 1072 (1919); *Herrington v. Luce,* 491 S.W.2d 478 (Tex.Civ.App.—Tyler 1973, no writ). In response to requests for admissions of fact, plaintiff admitted that it had no form of agreement or con-

tract, either oral or written, with the Normans regarding the supply of labor or material on the lot in question, and further admitted that it did not give the Normans any notice of the filing of the mechanic's lien affidavit. Although timely notice of the filing of the lien was given to Bevers, we have already held that the evidence does not conclusively establish that Bevers was at any time the owner of the lot, since Bevers never accepted the deed. Having thus admitted that it failed to comply with the notice provisions of the statute, plaintiff failed to perfect a statutory lien on the lot in question and the trial court properly denied foreclosure.

The judgment of the trial court is affirmed.