

# The Attorney General of Texas

September 22, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable E. D. Walker
Chancellor
University of Texas System
601 Colorado
Austin, Texas 78701

Honorable Kenneth H. Ashworth
Commissioner of Higher Education
Coordinating Board
Texas College & University System
Austin, Texas 78711

Opinion No. MW-245

Re: Whether projects constructed by proceeds of bonds issued pursuant to article VII, section 18 of the Texas Constitution must be approved by the Coordinating Board

Gentlemen:

You ask the following question:

> 1. Are proposals for the construction or acquisition of buildings or other permanent improvements for the use of The University of Texas at Austin and The University of Texas at El Paso financed in whole out of proceeds from bonds issued pursuant to Section 18 of Article VII of the Texas Constitution required to be submitted to the Coordinating Board for approval pursuant to Section 61.058 of the Texas Education Code?

Article VII, section 18 of the state constitution provides in pertinent part:

> [F]or the purpose of constructing, equipping, or acquiring buildings or other permanent improvements for The University of Texas System, including The Main University of Texas at Austin, The University of Texas Medical Branch at Galveston, The University of Texas Southwestern Medical School at Dallas, The University of Texas Dental Branch at Houston, Texas Western College of The University of Texas at El Paso, . . .[listing of five other institutions]

> the Board of Regents of The University of Texas is hereby authorized to issue negotiable bonds and notes not to exceed a total amount of two-thirds (2/3) of twenty per cent (20%) of the value of the Permanent University Fund exclusive of real estate at the time of any issuance thereof; provided, however, no building or other permanent improvement shall be acquired or constructed hereunder for use by any institution of The University of Texas System, except at and for the use of the general academic institutions of said System, namely, The Main University and Texas Western College, without the prior approval of the Legislature or of such agency as may be authorized by the Legislature to grant such approval.

> . . . .

> This Amendment shall be self-enacting; . . .

The name of the Main University has been changed to "The University of Texas at Austin," and the name of Texas Western College has been changed to "The University of Texas at El Paso." See Educ. Code §§ 67.02, 69.02.

The quoted language authorizes the Regents of the University of Texas to issue bonds to finance construction of buildings and other permanent improvements at ten enumerated institutions. However, it provides that such construction projects may not be undertaken at eight of these institutions without the prior approval of the legislature or of an agency authorized by the legislature to approve them. This restriction does not apply to construction projects at The University of Texas at Austin and The University of Texas at El Paso.

The amendment is expressly made "self-enacting," a term used interchangeably with the more common term "self-executing." See, e.g., Attorney General Opinions WW-2 (1957); V-748 (1948); V-158 (1947). A self-executing constitutional provision supplies a sufficient rule to protect the right given or to permit enforcement of the duty imposed. Mitchell County v. City National Bank of Paducah, Kentucky, 43 S.W. 880 (Tex. 1898); see, e.g., State v. Klein, 224 S.W. 2d 250 (Tex. Crim. App. 1949); Aston v. Allison, 91 S.W. 2d 852 (Tex. Civ. App. - Dallas 1936, no writ). Thus, the Regents may exercise the authority granted them by article VII, section 18 without the enactment of enabling legislation.

When a constitutional provision is self-executing, the legislature may not unreasonably restrict the power it grants. Vinnicombe v. State, 341 P. 2d 705 (Cal. App. 1959); Link v. Public Utility Commission of Ohio, 131 N.E. 796 (Ohio 1921). Any legislation on the subject of a self-executing provision must be in harmony with it and further the exercise of the power it grants. Direct Sellers Association v. McBrayer, 503 P. 2d 951 (Ariz. 1973); State v. Dunn, 496 S.W. 2d 480 (Tenn. 1973). For instance, article XVI, section 37 of the constitution provides for mechanics' liens. This provision is self-executing and grants a right which exists despite non-compliance with the

statutory lien procedures.  First National Bank in Dallas v. Whirlpool Corp., 517 S.W. 2d 262 (Tex. 1974); Robert Burns Concrete Contractors, Inc., v. Norman, 561 S.W. 2d 614 (Tex. Civ. App. - Tyler 1978, writ ref'd n.r.e.).

In our opinion, the Regents of the University of Texas may issue bonds to finance the acquisition or construction of permanent improvement at the University of Texas at Austin or the University of Texas at El Paso without the approval of the Coordinating Board.  Section 61.058 of the Education Code provides in part:

> To assure efficient use of construction funds and the orderly development of physical plants to accommodate projected college student enrollments, the board shall:
>
> . . . .
>
> (8) approve or disapprove all new construction and repair and rehabilitation of all buildings and facilities at institutions of higher education financed from any source other than ad valorem tax receipts of the public junior colleges. . . .

This statute formerly excepted from the approval requirement projects involving the use of constitutional funds authorized by article VII, sections 11, 17, or 18 of the Texas Constitution.  See Acts 1971, 62d Leg., ch. 1024, §1, at 3138 (amending and re-enacting Title 3 of the Texas Education Code).  A 1975 amendment deleted this exception.  Acts 1975, 64th Leg., ch. 676, §§3, 5, at 2056, 2057.  The Coordinating Board now has the power to approve or disapprove construction projects financed by article VII, section 18 at eight of the University of Texas institutions enumerated in that constitutional provision.  We do not believe they can constitutionally exercise the power to approve or disapprove such projects at the University of Texas at Austin or the University of Texas at El Paso.

Your second question is as follows:

> Are proposals for the construction or acquisition of buildings or other permanent improvements for The University of Texas at Austin and The University of Texas at El Paso financed partially out of other sources of revenue and partially from proceeds of bonds issued pursuant to Section 18 of Article VII of the Texas Constitution required to be submitted to the Coordinating Board for approval pursuant to Section 61.058 of the Texas Education Code?

Section 18 of article VII of the constitution exempts from the approval requirement permanent improvements "acquired or constructed hereunder" for The University of Texas at Austin and The University of Texas at El Paso.  (Emphasis added). "Hereunder" has been defined to mean "under the authority of" this statute or provision.  Oxford English Dictionary at 240.  The answer to your questions depends on

whether a building financed partially from the constitutional bond proceeds and partially from other funds is a building constructed under the authority of article VII, section 18. In our opinion, a building that receives a minimal amount of financing from the section 18 bond proceeds is not constructed under the authority of that constitutional provision. We believe the major portion of financing for a building should derive from article VII, section 18 funds before the building can be said to be constructed under that provision. Consequently, where at least half of the funding for a building derives from other sources, approval under section 61.058 is required unless some other exception is applicable. See Educ. Code §61.058(8).

## SUMMARY

Proposals for the construction or acquisition of buildings or other permanent improvements for the University of Texas at Austin or the University of Texas at El Paso financed in whole out of bond proceeds raised pursuant to article VII, section 18 of the Texas Constitution are not required to be submitted to the Coordinating Board for approval pursuant to section 61.058 of the Education Code. Projects for those institutions financed in part by article VII, section 18 funds must be submitted to the Coordinating Board for approval pursuant to section 61.058 when other funds provide the predominant source of financing.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Eva Loutzenhiser