# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00056-CV

---

**Rigan Naun Espinoza Valle and SEL Electric, Inc., Appellants**

**v.**

**Hertz Electric, LLC; Philadelphia Indemnity Insurance Company; La Madrid Apartments, LLC; Joel Dennie; and Great American Insurance Company, Appellees**

---

**FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-20-000848, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellants Rigan Naun Espinoza Valle and SEL Electric, Inc., appeal from the trial court's final summary judgment rendered in favor of appellees. Appellants complain that summary judgment was improper because the evidence raised genuine issues of material fact concerning whether they had properly perfected two statutory mechanic's and materialman's liens. *See* Tex. Prop. Code §§ 53.051–.058. For the following reasons, we will affirm the trial court's final summary judgment.

## BACKGROUND

Hertz Electric, LLC sued appellants for breach of contract arising from appellants' alleged failure to perform on a construction project in Oklahoma. Appellants counterclaimed, alleging that Hertz breached the contract related to the Oklahoma project and contracts related to two projects in Texas. Appellants later filed an amended counterclaim against Hertz seeking to

foreclose on two mechanic's and materialmen's liens that appellants had filed on the Texas properties (one in Austin and one in Corpus Christi). Appellants also filed a third-party petition against the remaining appellees, raising claims against La Madrid Apartments, LLC (the owner of the Austin property) and Joel Dennie (the sole member of Hertz) to foreclose on the two liens and claims against Great American Insurance Company and Philadelphia Indemnity Insurance Company for "payment on bond claims" for their issuance of bonds to indemnify against the lien on the Corpus Christi project.

After more than a year of discovery, Hertz, Dennie, and Philadelphia Indemnity filed a joint no-evidence and traditional motion for partial summary judgment. In the motion, they asserted that they were entitled to summary judgment on appellants' bond and foreclosure claims because the liens had not been properly perfected and were thus invalid.[1] Without specifying the basis of its ruling, the trial court rendered a partial-summary-judgment order granting Hertz, Dennie, and Philadelphia Indemnity's motion, determining that the liens appellants had recorded on the Austin and Corpus Christi properties were invalid and (1) ordering appellants to remove the liens within seven days, and (2) dismissing with prejudice appellants' foreclosure and bond claims against all appellees.[2] The trial court later severed those causes on Hertz's unopposed motion, rendering its partial summary judgment a final judgment, and appellants perfected this appeal of that final judgment.

---

[1] La Madrid Apartments filed a "Summary Motion for Removal of Invalid Lien" in which it challenged the liens on the same grounds as Hertz, Dennie, and Philadelphia Indemnity.

[2] Because the trial court's partial-summary-judgment order granted relief to all of the appellees, we henceforth refer simply to "appellees' summary-judgment motion."

**DISCUSSION**

In their first issue, appellants contend that the trial court erred in "failing to cite any conclusions of law or findings of fact as a legal basis for [its] order granting partial summary judgment." Appellees correctly respond that it is "black-letter law in Texas that a trial court's summary judgment need not include findings of fact and conclusions of law." *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441–42 (Tex. 1997) ("[I]f summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response. The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment."); *Gardner v. Abbott*, 414 S.W.3d 369, 380 (Tex. App.—Austin 2013, no pet.) ("[T]he trial court's precise legal conclusions are neither essential nor particularly germane to the disposition of an appeal from a summary judgment because the grounds for granting summary judgment are limited to those specified in the motion, and such judgments are reviewed de novo."); *Wilms v. Americas Tire Co.*, 190 S.W.3d 796, 810 (Tex. App.—Dallas 2006, pet. denied) ("Findings of fact and conclusions of law have no place in a summary judgment proceeding."). Appellants have cited no applicable law to the contrary. Accordingly, we overrule appellants' first issue.

In their second issue, appellants assert that the trial court's summary judgment was error because the evidence raised a material fact issue as to whether the liens were valid and therefore, appellees did not prove their entitlement to summary judgment.[3] *See* Tex. R. Civ.

---

[3] In their "issues presented," appellants state the issue differently: "Did the trial court's error in failing to state any conclusions of law or findings of fact in [its] order probably cause the rendition of an improper judgment?" Appellees contend that appellants have waived this issue because their argument section raises additional issues outside of this narrow issue. *See Hughes v. Pearcy*, No. 03-10-00319-CV, 2014 WL 7014353, at *6 (Tex. App.—Austin Dec. 8, 2014, pet. denied) (mem. op.) (where appellants raised "countless additional issues in their brief and

P. 166a(c), (i) (outlining standards for traditional and no-evidence summary judgment); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (noting de novo standard of review for summary judgments).

Compliance with Chapter 53 of the Texas Property Code is a prerequisite to an action to foreclose on a mechanic's and materialman's lien or maintain a bond claim. *See* Tex. Prop. Code §§ 53.051 ("To perfect the lien, a person must comply with this subchapter."), 53.205–.208 (requiring compliance with lien-perfection requisites to maintain action on bond against surety); *Tribble & Stephens Co. v. Consol. Servs., Inc.*, 744 S.W.2d 945, 951 (Tex. App.—San Antonio 1987, writ denied); *Robert Burns Concrete Contractors, Inc. v. Norman*, 561 S.W.2d 614, 618–19 (Tex. App.—Tyler 1978, writ ref'd n.r.e.). Chapter 53 lien-perfection requirements include that a claimant must provide requisite parties with notice of unpaid balances and file a lien affidavit with the county clerk of the county in which the property is located within specific timeframes. *See* Tex. Prop. Code §§ 53.052, .056.

In their no-evidence-summary-judgment motion, appellees contended that a sufficient time for discovery had elapsed but that appellants could not present any evidence that they had timely sent the required notices or filed their lien affidavits. After reviewing the record,

reply brief that were not properly raised in an issue on appeal and do not correspond to the issues listed in their brief," this Court addressed only those questions "fairly raised" by appellants' "issues presented"). However, because we liberally construe briefs and because appellants' argument section fleshes out their narrow "issue presented" with specific complaints about the evidence that they contend raises material fact issues, we will address the issue as stated and fairly raised in the argument section of appellants' brief. *See* Tex. R. App. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *Perry v. Cohen*, 272 S.W.3d 585, 587–88 (Tex. 2008) (per curiam) ("[W]e liberally construe issues presented to obtain a just, fair, and equitable adjudication of the rights of the litigants."); *In re F.F.*, No. 10-12-00462-CV, 2013 WL 2639217, at *7 n.3 (Tex. App.—Waco June 6, 2013, no pet.) (mem. op.) (addressing issues as argued in "argument" section of brief rather than in "issues presented" when sections conflicted).

we agree with appellees as to the notice requirement and need not consider their argument as to the affidavit requirement. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993) (acknowledging that when trial court does not specify particular ground on which it relied in granting summary judgment, appellate court must affirm judgment on any ground presented in motion that is meritorious and preserved for review).

For a lien to be valid, a subcontractor must provide written notice of an "unpaid balance" to the original contractor "not later than the 15th day of the second month following each month in which all or part of the claimant's labor was performed or material delivered." Tex. Prop. Code § 53.056(a), (b); *Morrell Masonry Supply, Inc. v. Lupe's Shenandoah Reserve, LLC*, 363 S.W.3d 901, 906 (Tex. App.—Beaumont 2012, no pet.) (affirming summary judgment on basis that subcontractor failed to perfect lien by sending timely notice). As to the Corpus Christi lien, it is undisputed that appellants provided written notice to Hertz on March 13, 2018, for "Electrical Wire labor and material" furnished. The notice stated that "all of the Claim Amount [$26,400] has accrued and is past due" and that "[e]nclosed are copies of the statements or billings that constitute this claim." Appellants attached two invoices to the notice, dated October 2, 2017, and November 13, 2017, respectively. The amount owed under the two invoices totaled $26,400. Under the express requirements of Section 53.056, appellants were required to provide Hertz notice by December 15, 2017, for work and materials provided in October 2017 and by January 15, 2018, for work and materials provided in November 2017. Therefore—in the absence of evidence to the contrary—appellants' March 13, 2018 notice was untimely and insufficient to perfect their lien on the Corpus Christi property. *See* Tex. Prop. Code § 53.056(b); *LTF Real Estate Co. v. D & D Util. Supply, LLC*, No. 01-11-00244-CV, 2013 WL 1183300, at *7 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (mem. op.)

5

(reversing summary judgment rendered in favor of contractor on its foreclosure claims where no evidence explained when materials supporting portion of said balances were delivered and court could not, therefore, determine whether unpaid-balance claims were presented in timely notice).

To demonstrate that there is a genuine issue of material fact as to the timeliness of the notice, appellants cite solely to the following statement in the affidavit of SEL director Fredy A. Espinoza: "I have personal knowledge of the work performed by SEL Electric, Inc. at the Corpus Christi Project. SEL Electric, Inc. provided labor and materials to the Corpus Christi Project until January 2018." Appellants argue that Espinoza's statement is evidence that SEL "was working" on the Corpus Christi project in January and, therefore, that appellants' March 13 notice was timely because it was filed by the fifteenth day of the second month after January. *See* Tex. Prop. Code § 53.056(b).

However, the fact that SEL was allegedly "working" on the Corpus Christi project in January is not relevant to whether appellants' notice to Hertz—seeking unpaid amounts for work performed no later than November 2017—was timely. This cited evidence, viewed in favor of appellants, does not create a material fact issue about whether the alleged January work constituted some or all of the same work for which an unpaid balance had accrued against Hertz when appellants sent their notice. Indeed, the outstanding amounts on the October and November invoices that were attached to the notice comprise the total of the claim amount that appellants identified in the notice, and appellants do not explain or support with any record evidence how that total purportedly supports work performed in January 2018 instead. We cannot surmise how any portion of the $26,400 amount, which is fully accounted for by the two attached invoices for

6

work and materials provided in October and November, could instead constitute amounts owing for January.[4]

Accordingly, appellants have not demonstrated that the trial court erred in granting appellees' no-evidence-summary-judgment motion as to the Corpus Christi lien or bond claims on the ground of appellants' failure to timely provide statutory notice. *See* Tex. R. Civ. P. 166a(i); *Green v. Port of Call Homeowners Ass'n*, No. 03-18-00264-CV, 2018 WL 4100855, at *6 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.) (affirming no-evidence summary judgment when appellants failed to cite to record evidence creating fact issue on challenged elements of their claims); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 230 (Tex. App.—Austin 2018, no pet.) (noting that appellate court is "not required to sift through the record in search of evidence" and holding that trial court did not err in granting appellee's motion to dismiss when appellant failed to specifically identify any record evidence and how it supported elements of claim); *see also* Tex. R. App. P. 38.1(g) (requiring appellant's brief to contain citations to record in support of contentions made).

We conclude similarly as to the Austin lien, for which it is undisputed that appellants provided written notice to Hertz on March 13, 2018, for "Electrical labor and material" furnished. Like the notice for the Corpus Christi project, the notice for the Austin project that "all of the Claim Amount [$55,316] has accrued and is past due" and that "[e]nclosed are copies of the statements or billings that constitute this claim." One invoice, dated January 13, 2017, was attached to this notice with a total due of $55,316. Under the express requirements of

---

[4] Espinoza's statement also does not aver that the unspecified January "work" was performed for Hertz (rather than for another party) under a contract, which is another statutory requirement. *See* Tex. Prop. Code §§ 53.021 (providing that person entitled to lien must have provided work or materials under contract with property owner or its contractor), .056(b) (providing deadlines by which subcontractor must provide notice to original contractor).

7

Section 53.056, appellants were required to provide appellees notice by March 15, 2017 for the January 2017[5] work. As with the Corpus Christi lien, and in the absence of evidence to the contrary, appellants' March 13, 2018 notice was, therefore, untimely and insufficient to perfect their lien. *See* Tex. Prop. Code § 53.056(b).

To demonstrate that there is a genuine issue of material fact as to the timeliness of the notice, appellants cite solely to a handwritten timesheet allegedly evidencing hours of work that SEL performed on the Austin project in February 2018. However, as with Espinoza's affidavit, the fact that SEL was allegedly performing additional work in February 2018 for the Austin project does not, without more, indicate whether that alleged work constituted some or all of the same work for which an unpaid balance had accrued at the time appellants sent their notice. As with the Corpus Christi lien, appellants have not explained or cited to any evidence that any work performed in February 2018 corresponded to any amount of the unpaid claim it made in its notice. Accordingly, appellants have not demonstrated that the trial court erred in granting appellees' no-evidence summary-judgment motion as to the Austin lien on the ground of appellants' failure to properly perfect the lien by providing timely notice. *See* Tex. R. Civ. P. 166a(i); *Green*, 2018 WL 4100855, at *6.

In a sub-issue, appellants contend that appellees' summary-judgment motion was "premature" because "no party had [yet] conducted any depositions of key witnesses, including corporate witnesses for Hertz and SEL." We understand appellants to be contending that an adequate time for discovery had not elapsed at the time the trial court granted appellees' motion.

---

[5] Appellees note in their brief that SEL's attorney indicated in an April 18, 2018 letter that the January 13, 2017 date was a typo and that the correct year of the invoice is 2018, but appellants have not cited to any record evidence or made any argument in their brief referencing an alleged typo.

*See* Tex. R. App. P. 166a(i).  However, appellants filed neither a verified motion for continuance nor an affidavit explaining the need for further discovery and have not, therefore, preserved this issue for review.  *See Tenneco Inc. v. Enterprise Prods. Co*., 925 S.W.2d 640, 647 (Tex. 1996); *Daniels v. Bertolino*, No. 03-14-00671-CV, 2015 WL 4909929, at *3 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op.).  Accordingly, we overrule appellants' second issue.

## CONCLUSION

Having overruled appellants' issues, we affirm the trial court's final judgment.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed:   May 19, 2021

9