**W. R. TANNER, Appellant,**

v.

**A. I. DOTY, Appellee.**

No. 15887.

Court of Civil Appeals of Texas.

Fort Worth.

March 7, 1958.

Rehearing Denied April 4, 1958.

Benjamin Kucera, Lubbock, for appellant.

H. C. Ray, Fort Worth, for appellee.

PER CURIAM.

The question before us on appeal is whether or not any issue of fact existed for trial after pleadings were joined and plaintiff's requests for admissions had been answered.

If an issue of fact existed, the summary judgment in plaintiff's behalf was erroneously entered.

Appellant here was the defendant against whom the judgment was entered. Appellee was the plaintiff. Appellant held a first vendor's lien securing a $4,000 note upon certain real estate. Appellee held a second lien securing a $1,000 note on the same property. The mortgagor owner informed appellant that he desired to yield up the property as he could not pay the indebtedness owing. Appellant caused a deed to be prepared and forwarded to such owner for execution to him as grantee. The consideration of such instrument of deed was the cancellation of the remaining indebtedness owing to appellant.

■ Proof in the record upon the motion for summary judgment was to the effect that appellant, though aware of the fact that the second lien had previously existed against the property, did not know whether it still existed, or if it did the amount owing thereon at time the owner mailed the executed deed to him. Of course, every reasonable intendment under pleadings and proof in a summary judgment case will be indulged in favor of the person against whom such judgment is sought, and in this instance it was the appellant. Appellant contended and had affidavits (by way of admissions and sworn answer to the motion against him) before the court to the effect that he did not accept the deed mailed to him by the owner of the property as a conveyance of the property, but that he did receive the same, following which he ascertained that the second lien still existed against the property and that it had not been paid in whole or in part, wherefore he refused and did not ever accept the aforesaid deed as a conveyance. Instead he proceeded to have the property sold at a trustee's sale. He bought the property at such sale for an amount less than his lien against it.

Appellee's motion for summary judgment as against the appellant followed the joining of issues in his suit for debt and lien foreclosure against the appellee, against the former owner of the property purportedly deeded by him to appellant prior to the trustee's sale, and against the person who had transferred the second lien to appellee. Such other defendants were not parties to the motion for summary judgment, but no question exists by reason thereof.

■ The record on the summary judgment proceeding did establish prima facie a complete and mutual transaction between the former owner and appellant through the presumption of delivery and acceptance rising from the acts of the parties. Yet we believe that appellant's assertion that he did not initially accept the former owner's deed as a conveyance and never thereafter accepted it as such, if true, would overcome the presumption of delivery and render the deed ineffective and a nullity. See 14–B Tex.Jur., p. 538 et seq., "Deeds", secs. 98 and 99, "Delivery" and "Acceptance".

■ The deed was never recorded. It was the trustee's deed which was recorded and it was under the trustee's deed that the appellant claims title and possession. Even had the deed from the former owner been recorded yet the question of delivery and acceptance would have remained a question of fact for determination by the trier of fact had the matter of the intention of the parties to the purported transaction

been raised as an issue. Thornton v. Rains, 1957, Tex., 299 S.W.2d 287. Where an issue is raised the proof must indisputably show both an intention on the part of the grantor to deliver the deed as a conveyance of the property and a mutual and concurrent intention on the part of the grantee to accept the same as a conveyance of the property before it could be said as a matter of law that delivery was complete. What constitutes delivery essential to pass title is a question of law, but whether there has been in fact a delivery is for the trier of fact. In the present instance the appellee did not negative the existence of proof available to appellant in substantiation of the latter's contentions. Indeed, appellant's proof affirmatively appears.

Judgment is reversed and the cause remanded for trial on the merits.