Emerson **WILLIAMS**, Appellant,

v.

Jennie Mae **ANDERSON**, Appellee.

No. 16906.

Court of Civil Appeals of Texas.

Dallas.

April 21, 1967.

L. A. Bedford, Jr., Dallas, for appellant.

William VanDercreek, Dallas, for appellee.

**CLAUDE WILLIAMS, Justice.**

Trespass to try title action. Emerson Williams brought this suit against Jennie Anderson seeking title and possession of certain real property situated in the City of Dallas, Texas, basing his claim to title upon a warranty deed executed by Willie Anderson on November 15, 1957, conveying the property (subject to a life estate by grantor) to Emerson Williams, said deed being recorded in the Deed Records of Dallas County, Texas. Jennie Anderson, the surviving widow of Willie Anderson, filed her answer in which she asserted that the warranty deed relied upon by plaintiff was legally ineffective because (a) Willie Anderson did not have sufficient mental capacity at the time he conveyed said property; and (b) the deed was never delivered to Emerson Williams.

Following trial before the court and a jury a special issue verdict was returned which found (a) that Willie Anderson did have mental capacity to execute the deed at the time it was executed, and (b) there was no delivery by Willie Anderson of the deed to Emerson Williams. Plaintiff filed his motion for judgment *non obstante veredicto* asking the trial court to set aside and disregard the jury findings concerning delivery of the deed. This motion was overruled and judgment was rendered decreeing title to the property in Jennie Anderson. Plaintiff appeals.

By his points 1 and 2 appellant contends (1) that the court should not have submitted Special Issue No. 2 (being the issue concerning delivery of the deed) because there was no evidence to support the *submission* of said issue to the jury, and (2) that the court should not have rendered judgment based upon the jury's answer to Special Issue No. 2 because the *answer thereto* was lacking in support of sufficient evidence,

or was contrary to the great weight and preponderance of the evidence. Consideration of these points has required us to carefully examine the entire record in the light of the rules announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Having done so we find ourselves unable to agree with appellant's contentions here presented and overrule same.

The evidence is uncontroverted that in November 1957 Willie Anderson, deceased, did execute a warranty deed purporting to convey the property in controversy to appellant Emerson Williams, subject to a life estate. It is also uncontroverted that said deed was filed for record with the County Clerk of Dallas County, Texas and that, after recordation, it was returned to Willie Anderson. Appellant testified that Willie Anderson then turned the deed over to him and that he kept it in his possession for about a year and then returned the deed to Willie Anderson. To impeach the testimony of appellant, an interested witness, appellee called as a witness Glenda Fisher, a court reporter, who testified that she reported the oral deposition of appellant and that during the questioning appellant was asked: "When did Willie give you a copy of that deed?" To which appellant answered: "Willie didn't give me a copy. He kept the deed himself."

The testimony was undisputed that there was no consideration made or tendered for the deed by appellant. The record reveals that in 1958, Willie Anderson, then 63 years of age, married appellee, Jennie Anderson; that said property was the only property owned by Willie and Jennie Anderson, it being the present homestead° of Jennie Anderson; that Willie Anderson died in May 1963, at which time appellant brought the trespass to try title action claiming ownership of said property by virtue of the deed. Appellee claimed ownership of the property as the surviving widow of Willie Anderson.

Appellant introduced no other evidence in support of his contention that the deed was manually delivered to him by Willie Anderson. Appellant called no witnesses to testify as to their knowledge of the existence of the deed and it was undisputed that neither Emerson Williams nor Willie Anderson told anyone of the existence of the deed nor did Williams in any manner assert an interest in said property until the time of Anderson's death. The record discloses that Willie Anderson continuously treated the property as belonging entirely to himself; that he subsequently executed a will which purportedly devised the property to others than appellant; that the mortgage payments on the property were paid out of the community estate of Willie and Jennie Anderson; and that appellant is not in possession of the original recorded deed.

■ It is a well settled law in Texas that the question of delivery of a deed is controlled by the intent of the grantor, and in determining the existence or nonexistence of such intent, it is within the province of the jury to consider all of the evidence, including the mental condition of the grantor. While the jury, in answer to Special Issue No. 1, found that at the *time of the execution* of the deed involved Willie Anderson did have sufficient mental capacity to understand the nature and subject matter of such deed, such finding does not preclude the jury's consideration of the mental condition of Willie Anderson at the *time of his alleged delivery of the deed to appellant*. There is abundant evidence in this record to the effect that Willie Anderson was not mentally competent and the jury was certainly entitled to consider this fact in connection with their answer to the issue relating to delivery.

■ Appellant made no objection to the submission of Special Issue No. 2. We think that the evidence is sufficient to raise the issue as to whether Willie Anderson did deliver the deed to appellant and we also are of the opinion that the answer of the jury to Issue No. 2 cannot be said to be contrary to the great weight and preponderance of the evidence. The evidence presented is such that a jury might reasonably

believe that Willie Anderson did not deliver the deed to appellant. In any event, the evidence is such that reasonable minds might differ with respect thereto and as such the jury's finding is adequately supported.

By his point 3 appellant contends that appellee failed to rebut and overcome the legal presumption of delivery of the warranty deed in question which was created by the filing of said deed for record with the County Clerk of Dallas County. In this connection appellant argues that the uncontroverted act of filing the deed by Willie Anderson with the County Clerk creates prima facie evidence of delivery and acceptance thereof and that appellee has offered no evidence to overcome such fact. To support his contention appellant cites Gravis et al. v. Rogers et al., Tex.Civ.App., 214 S.W.2d 886; Levy v. Winfree et al., Tex.Civ.App., 99 S.W.2d 1043; Ford et al. v. Hackel et al., Tex.Comm.App., 124 Tex. 402, 77 S.W.2d 1043; Mitchell et al. v. Mills et al., Tex.Civ.App., 264 S.W.2d 749; Baxter et al. v. Beaupre et al., Tex.Civ.App., 295 S.W.2d 718; and First State Bank of Wortham v. Bland, Tex.Civ.App., 291 S.W. 650.

■ These cases announce the settled law in Texas that the filing of a deed for recordation establishes a *rebuttable* presumption of delivery. The burden was cast upon appellee to rebut this presumption by showing a lack of intent to convey the land in question to appellant.

The court, without objection on the part of appellant, gave to the jury the following instruction in connection with Special Issue No. 2: "Delivery of a written instrument is a parting with possession of custody thereof, or any other act on the part of the grantor that shows an intention that same become operative."

■ The Supreme Court of Texas in Thornton v. Rains, 157 Tex. 65, 299 S.W. 2d 287 had occasion to discuss the question of evidence of intention relating to delivery of a deed. In that case one Medlin executed, acknowledged, and recorded a deed of gift purporting to convey to his two minor children a remainder interest in a tract of land. He subsequently delivered to another grantee a general warranty deed purporting to convey a fee simple in the same tract of land. Claimants under a quitclaim deed from the children commenced a trespass to try title action against the possessors holding under the second deed. The testimony showed that the grantor, Medlin, remarried shortly after the execution of the first deed, and that he lived several years after its date without telling anyone of its existence. The jury found, by means of special issues, that at the time the deed to the children was filed for record, the grantor did not intend to convey the land to the children. The Supreme Court upheld the verdict and judgment by what the court styles as "negative" evidence. By doing so the court established the rule that if any evidence is introduced, no matter how negative, tending to show lack of intent to convey, a jury will be given extensive discretion to find that a recorded deed, valid on its face, was not actually delivered. The Supreme Court said, inter alia:

"Even if C. H. Medlin [grantor] had caused the deed to be recorded, that fact of itself would not have been determinative of the question of delivery of the deed and his intention to place title in his children. If there was no intention on his part to deliver it or divest himself of title the deed was not effective as a conveyance. * * *

"The question of delivery of a deed is one of intention on the part of grantor to be determined from all the facts and circumstances."

We think this opinion of the Supreme Court is controlling of the factual situation here presented. Even though the testimony may be styled as "negative" in character yet it is sufficient to support the jury's finding relating to intent on the part of the

grantor of the deed here in question. From all of the facts and circumstances revealed by this record the jury was justified in finding that there was no delivery of the deed from Willie Anderson to appellant.

We have carefully considered all of appellant's points of error and finding the same to be lacking in merit they are overruled.

The judgment of the trial court is affirmed.

Affirmed.