**Maggie HUNTER, Appellant,**

v.

**Frances Willeette MESHACK et al., Appellees.**

**No. 566.**

Court of Civil Appeals of Texas, Tyler.

Sept. 2, 1971.

Rehearing Denied Oct. 7, 1971.

M. L. Miller and Richard E. Whinery, Andress & Woodgate, Wm. Andress, Jr., Dallas, for appellant.

Vernon Kelly and Walter J. Woodman, Dallas, for appellees.

DUNAGAN, Chief Justice.

The appellees, Frances Willeette Meshack, Carolyn Wylie, Bernard Rudolph Hunter, Amelia Hunter, individually and as next friend of John Anthony Hunter and Brenda Hunter, Joe Hunter, and Joe N. Williams, brought suit in trespass to try title against appellant Maggie Hunter, individually and as Independent Executrix of the estate of John Hunter, deceased. The property involved is a house and city lot located at 2609 Hibernia Street in the City of Dallas, Texas. The jury found that Maggie Hunter and her deceased husband John Hunter have had peaceable and adverse possession of the property under the three, five and ten-year statutes of limitation but not under the twenty-five year statute of limitations. They also found that John and Maggie Hunter had executed and delivered a deed, dated November 14, 1950, to John's children with the intention of vesting title to the property in the children. Upon a motion for judgment notwithstanding the verdict, the trial court entered judgment that all of the parties to this suit are tenants in common and declared the proportionate interest of each; the prayer of the plaintiffs/appellees for a partition or sale of the property was denied. Maggie Hunter was awarded an 8/320th interest.

The facts are for the most part undisputed and are as follows: In 1937, John Hunter and his second wife, Elzira, purchased the Hibernia Street property, the property in controversy, and lived there until Elzira's death in 1940. Elzira died

intestate; appellees are John's children by Elzira and by a former wife, and their heirs. Several months after Elzira's death John married Maggie, and they lived on other property owned by Maggie until 1942, when they moved into the Hibernia Street house. They continued to live on Hibernia Street from 1942 until John's death in 1967; Maggie continued to live there until the present. Maggie was named as sole beneficiary in John's will.

In 1950 John and Maggie executed a deed conveying a one-half undivided interest in the Hibernia Street property to John's children by his two previous marriages. None of the exhibits were included in the record brought forward to this court; we do not have the deed or a copy of it before us. The deed was recorded but appellant asserts that the recording was done by mistake and denies delivery of the deed to the grantees.

◼ Appellant complains of the factual insufficiency of the evidence to support the jury's findings with respect to the delivery of the 1950 deed. It is elementary that there must be delivery of the deed into the control of the grantee with the intent of the grantor that it shall become operative as a conveyance in order that the deed be effective. Bussan v. Donald, 244 S.W.2d 271 (Tex.Civ.App., Ft. Worth, 1951, ref., n. r. e.). The controlling factor in determining if there has been delivery is the intention of the grantor. Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661. To constitute delivery, the deed must be placed in the hands of the grantee, or within his control. Chasteen v. Miller, 349 S.W.2d 772 (Tex.Civ.App., San Antonio, 1961, ref., n. r. e.).

◼ The filing of the deed for recordation establishes a rebuttable presumption of delivery. Williams v. Anderson, 414 S.W.2d 731 (Tex.Civ.App., Dallas, 1967, n. w. h.). The evidence in the case at bar shows that the deed was retained in the possession of the grantors until the time of trial. Maggie Hunter testified that she signed a blank deed and gave it to a notary public, a Mr. Box, who filled in the blanks, notarized the acknowledgment and apparently had the deed recorded. The original was returned to her. She stated that she did not give him permission to record the deed, and it was recorded without her consent or knowledge. Those of the named grantees who testified stated that they did not know of the existence of the deed until some seventeen years after its execution. The only evidence of delivery is the fact that it was recorded.

Viewing all of the evidence, we are of the opinion that the jury findings on this issue are so contrary to the great weight and preponderance of the evidence as to be clearly wrong. We do not reach appellant's additional points, and will not comment upon them.

Judgment reversed and suit remanded for new trial.