John W. HENNESSEY, Appellant,

v.

Jeff BELL, Trustee, et al., Appellees.

No. 13–87–510–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 8, 1988.

Rehearing Denied Oct. 27, 1988.

Toufic Nicolas, Nicolas, Morris & Barrow, Corpus Christi, for appellant.

C.M. Henkel, III, Corpus Christi, for appellees.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

John W. Hennessey, appellant,[1] and Therese Hennessey, brought this declaratory judgment suit against Jeff Bell, Trustee, and the Portland State Bank (Portland), appellees, seeking a determination that their conveyance of certain property to Portland cancelled the promissory note owing to Portland and the Deed of Trust securing that property. Appellant and Therese Hennessey further requested the court to declare that Portland's foreclosure under its deed of trust was void because the foreclosure was after their conveyance and recording of the deed. Appellees filed a counterclaim seeking a deficiency judgment for the amount owed to Portland after the foreclosure sale. All parties filed motions for summary judgment. The trial court granted appellees' motion for summary judgment and ordered appellant to pay $30,152.96, plus interest and attorney's fees. The trial court denied the Hennesseys' motion for summary judgment and ordered that they take nothing in their cause of action against appellees. We affirm the judgment of the trial court.

The facts are undisputed. On October 18, 1983, the Hennesseys executed a real estate lien note payable to Portland, which was secured by a deed of trust on certain

1. This appeal is being pursued solely by John Hennessey.

real property. After several extensions of the promissory note, appellants subsequently defaulted on the note.

On December 9, 1986, appellant, by warranty deed, and Therese Hennessey, by quitclaim deed, attempted to convey the property secured by the deed of trust to Portland and recited as consideration for the deed the cancellation of the note. Appellant then filed the deed for record and mailed a certified copy of the deed and accompanying letter explaining their actions to Portland. On December 18, 1986, Portland's attorney, C.M. Henkel, III, advised appellant that Portland had not agreed to accept the deed in exchange for the cancellation of the debt and that it would not accept it as such.

When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovant and indulge every reasonable inference in its favor. *Nixon v. Mr. Property Management, Inc.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *Wilcox v. St. Mary's University,* 531 S.W.2d 589, 592 (Tex.1975). The movant's burden is to show that no genuine issue of material fact exist, and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Major Investments, Inc. v. De Castillo,* 673 S.W.2d 276, 279 (Tex.App.— Corpus Christi 1984, writ ref'd n.r.e.).

By its first point of error, appellant contends that the trial court erred in granting appellees' motion for summary judgment because an issue of fact existed on whether Portland accepted the deed. Appellant argues that the execution and delivery of a deed coupled with the possession by a grantee of a duly executed deed is prima facie evidence supporting a rebuttable presumption for acceptance of a conveyance of real property by a grantee. *Raymond v. Aquarius Condominiums Owner's Association, Inc.,* 662 S.W.2d 82, 91 (Tex.App.— Corpus Christi 1983, no writ); *Austin v. Bice,* 586 S.W.2d 931, 933 (Tex.Civ.App.— Waco 1979, no writ); *Chandler v. Hartt,* 467 S.W.2d 629, 633 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

■ However, the uncontroverted facts in this case do not give rise to the presumption asserted by appellant. In each of the cases appellant cites as authority, the presumption of acceptance of the conveyance was created because the deed was delivered to the grantee *and recorded by the grantee.* In the instant case, the undisputed facts show that appellant and Therese Hennessey, as grantors, executed and recorded the deed, without the approval, acquiescence or knowledge of Portland, as grantee. In fact, it is uncontroverted that Portland, through its legal counsel, immediately notified him of its refusal to accept the deed. This is further supported by appellees' uncontroverted affidavits of Jeff Bell and Jerome Gentry, president and vice-president of Portland, filed in support of its motion for summary judgment, which states that Portland did not agree to accept title to the secured property and cancel the indebtedness owed to Portland under the note. Lastly, appellant admitted in his deposition that neither Bell, Gentry nor any of the employees of Portland had ever told him Portland would accept the deed in exchange for the cancellation of the debt. We hold, therefore, that no presumption of acceptance exists under the facts of this case.

Appellant next asserts that Bell's affidavit was insufficient as a matter of law to controvert the presumption of acceptance. Appellant complains that Bell's affidavit merely states a legal conclusion that the deed was rejected, but does not recite facts that state how the conveyance was rejected. Lastly, appellant argues that appellee failed to show that the governing body of Portland refused to accept the conveyance of the property.

Appellant raises these arguments for the first time on appeal. In appellant's response to Portland's motion for summary judgment, he asserted that "there was no legal document executed by Portland in its capacity as a legal entity purporting to *reconvey* to the grantors the subject property *in repudiation of the recited consideration in the deeds....* " However, nowhere in that response is there any men-

tion that they are questioning Bell's authority to refuse to accept the conveyance. Appellant has not submitted any summary judgment evidence showing the deed could not be properly refused by the president and vice-president of Portland, or, for that matter, controverting Bell's affidavit in any way. Moreover, Bell's affidavit appears to be based on personal knowledge and relates facts that would be admissible in evidence at a conventional trial, not legal conclusions. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); Tex.R.Civ.P. 166–A(e).

 It is well-established that issues not expressly presented to the trial court by a written response to the opponent's motion for summary judgment shall not be considered on appeal as grounds for reversal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 674–75 (Tex. 1979). Inasmuch as appellant's response failed to raise these issues, they cannot be considered for the first time on appeal. *See Central Education Agency v. Burke,* 711 S.W.2d 7, 8 (Tex.1986); *State Board of Insurance v. Westland Film Industries,* 705 S.W.2d 695, 696 (Tex.1986).

In summary, the record reveals that there is no evidence Portland accepted the deed, or that it agreed to do so in exchange for the cancellation of the debt. Rather, appellee submitted clear and undisputed evidence to the contrary. Therefore, we hold that no fact issue existed. Appellant's first point of error is overruled.

By its second point of error, appellant contends the trial court erred in granting appellees' motion for summary judgment because there was no proof that the notice of foreclosure was posted at the courthouse door for at least twenty-one days as required by Tex.Prop.Code Ann. § 51.002(b)(1) (Vernon Supp.1988). By its third point of error, appellant asserts the trial court erred because the deficiency amount owed, the amount paid by Portland at the foreclosure sale, the extent and nature of the expenses incurred on the foreclosure, and the balance resulting therefrom were all denied by appellant in his

pleadings, and thus, genuine issues of fact existed.

Once again, these issues are all being raised for the first time on appeal. Appellant failed to bring any of these matters to the attention of the trial court in his response to appellees' motion for summary judgment. As stated above, a summary judgment cannot be reversed on grounds not expressly presented to the trial court in a written response. We overrule appellant's second and third points of error.

We affirm the judgment of the trial court.