Kristine L. SAVELL, Appellant,

v.

Tracy Mark SAVELL & James Wharton Savell et al., Appellees.

No. A14–91–00763–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 17, 1992.

Rehearing Denied Oct. 15, 1992.

Yocel Alonso, Houston, for appellant.

Leland B. Kee, Angleton, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Kristine Savell brings this appeal from a summary judgment in favor of appellees and a denial of her motion for partial summary judgment. In the underlying suit for partition and accounting of real property, appellant brought suit against her brothers, Tracy Savell and James Savell, and trustees Lelia Hanks and Johnnie May Akers. Wharton Savell, the father of the three children, intervened alleging that he owned a life estate to the property in ques-

tion. The first trial resulted in a mistrial, the second trial resulted in a hung jury, and the court granted intervenor's and appellees' motion for summary judgment in the third trial. We affirm.

Mary J. Savell was the mother of the parties and the wife of Wharton Savell. Mary died and her will was probated in 1968 appointing Lelia Hanks and Johnnie Mae Akers independent co-executrixes of her estate. By its terms the will created a testamentary trust devising all of her property, real and personal, to the two trustees for the use and benefit of Wharton Savell, for his lifetime. The trustees owned an undivided one-half interest in certain lands, and they were empowered to hold, manage and dispose of any trust property as deemed proper for the support of Wharton Savell. Upon Wharton's death, the trust would be for the use of benefit of her children, the remainder not being conveyed until their twenty-first birthday.

Intervenor, Wharton Savell, executed warranty deeds in 1980 conveying five pieces of property to his three children, as described in Exhibits 1–B, 1–C, 1–D, 1–E, and 1–F of the Motion For Summary Judgment Of Intervenor and Defendants. Each deed noted the property was conveyed for ten dollars and other valuable consideration.

Wharton owned a ten acre tract of land in lot five, section nineteen, of the Hooper and Wade Survey, as described in Exhibit 1–B, before his marriage to Mary. Mary and Wharton Savell purchased a 10.019 acre tract in section nineteen adjacent to Wharton's ten acre tract. The trustees of Mary's testamentary trust sold the 10.019 acre tract in 1983 and used its one-half interest of approximately $62,000.00 to build a mobile home park on Wharton's separate property tract. Wharton and Mary also bought four rental houses and placed them on Wharton's lot. Appellant sought to partition the property held in trust for Wharton Savell as well as the non-trust property.

Appellees alleged in their motion for summary judgment that Intervenor, Whar-

ton Savell, has and holds possessory rights, use and income, constituting equitable title to all properties sought to be partitioned. To support this allegation, appellees proffered affidavits of Wharton Savell and his two sons, Wharton's present wife, and two other non-interested individuals. Wharton's sworn testimony from a prior suit brought by Kristine was authenticated by Wharton and the court reporter, and it has been made part of the summary judgment evidence. In those documents, Wharton testified that he had executed the five deeds for the purpose of conveying the property to Tracy, James, and Kristine "upon his death." He stated that at the time he signed the deeds he intended to retain the use, possession and income from all his properties for the remainder of his life. Wharton also testified that he is in possession of the property, pays for repairs and all taxes on the properties, and he is and always has been in complete charge of the properties.

Tracy Savell alleged in his affidavit that Wharton had deeded several tracts to him, his brother James, and his sister Kristine "on the condition that he would retain the possession, use and income from that land for as long as he lived and that the property would be owned by us children when our father died." Tracy also stated that although the deed recites consideration, no consideration was given. Tracy acknowledged that he had no present possessory interest in the properties.

James' affidavit also stated that Wharton had deeded the property on the condition that he retain a life estate. In an authenticated transcription from prior sworn testimony, James stated that:

> I had known that he could get sick at any time and lose the property. So, I told him that if he would go ahead and put the property in everybody's names like he was going to will it, then we would treat it like it was his and I would stay and help him.

Summary judgment evidence also included sworn testimony by Kristine Savell which was transcribed and authenticated by the court reporter in an affidavit. In the documents, Kristine admitted she paid no consideration for the property, and also stated it was her intention that the trust be terminated and the property partitioned.

Finally, appellees proffered affidavits from Guadalupe Savell (Wharton's present wife), and Joyce Sanders, Wharton's daughter from a prior marriage. They both stated that on the day Wharton prepared the deeds and set aside other property for Guadalupe and for Joyce's son, Wharton had stated that he was retaining a life estate in all of the property and title would pass upon his death. They stated that these conditions were general family knowledge at the time the deeds were prepared and those conditions have been adhered to until time of trial.

The trial court recited in its final judgment that:

> Plaintiff's suit is for partition of certain real property in which her father, Intervenor, has a life estate, and for an accounting of income from such property. The Court finds that Intervenor has present possessory interest, equitable title, and beneficial ownership for and during the term of his natural life in and to all of the real properties sought to be partitioned by Plaintiff.

■ A movant for summary judgment has a burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–9 (Tex.1985). The reviewing court must indulge all inferences and resolve all doubts in the non-movant's favor. *Id.* A party may prevail on a motion for summary judgment by demonstrating that one or more necessary elements of the cause of action is eliminated. *Byrd Int'l of Dallas, Inc. v. Electric Data Sys. Corp.*, 629 S.W.2d 177 (Tex.App.—Dallas 1982, writ ref'd n.r.e). The prerequisites of maintaining a suit for partition of land is (1) common interest in the land, and (2) equal right to present possession. *See Manchaca v. Martinez*, 136 Tex. 138, 148 S.W.2d 391 (1941).

■ Once the movant has established a right to summary judgment, the non-

movant has the burden to respond to the motion and present any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). When both parties move for summary judgment, each party must carry its own burden and neither party can prevail because of the failure of the other party to discharge its burden. *Harris County Appraisal Review Bd. v. General Elec. Corp.,* 819 S.W.2d 915, 917 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Moreover, in a case where one motion for summary judgment was granted and the other one denied, all questions presented to the trial court must be reviewed. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

In appellant's first point of error, she asserts that the trial court erred in granting appellee's motion for summary judgment because there was no evidence that a resulting trust was engrafted on the deeds. Appellant argues that the summary judgment evidence was defective and insufficient because personal knowledge was not shown, and the affidavits were based on hearsay. Additionally, she contends that the probate documents and deeds establish that appellant and her two brothers are owners of the property. Appellant contends that a resulting trust would be inappropriate in this case because a gift was intended, and that the deed may not be contradicted by parol evidence.

■ Generally, the law is suspicious of resulting trusts, and consequently, a heavy burden of proof is placed on the party attempting to establish the existence of one. *See Equitable Trust Co. v. Roland,* 721 S.W.2d 530, 533 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). Additionally, where property is deeded from a parent to a child, it is presumed that a gift was intended. *Somer v. Bogart,* 749 S.W.2d 202 (Tex.App.—Dallas 1988, writ denied). However, where it can be shown that no consideration was given, one may look behind the deed to determine the grantor's intent. *Binford v. Snyder,* 144 Tex. 134, 189 S.W.2d 471 (1945). Likewise, even where a presumption arises in cases involv-ing deeds which were recorded but not actually delivered, this may be rebutted to show lack of intent. *Williams v. Anderson,* 414 S.W.2d 731, 734 (Tex.Civ. App.—Dallas 1967, no writ).

■ A resulting trust typically carries an implied intention to create a trust. *Sohio Petroleum Co. v. Jurek,* 248 S.W.2d 294, 297 (Tex.App.—Fort Worth 1952, writ ref'd n.r.e.). As no express contract is involved, a resulting trust is strictly a creature of equity. *Sims v. Duncan,* 195 S.W.2d 156, 161 (Tex.Civ.App.—Galveston 1946, writ ref'd n.r.e.). The purpose of invoking a resulting trust is to prevent unjust enrichment where a person has furnished trust property or consideration and an express trust fails. *Nolana Development Ass'n v. Corsi,* 682 S.W.2d 246 (Tex. 1984). We must look only to the circumstances existing at the time of the transaction to determine whether a trust was intended. *Estate of Lee v. Ring,* 734 S.W.2d 123 (Tex.App.—Houston [1st Dist.] 1987, no writ).

■ It was stated by both appellees and appellant that no consideration was given, notwithstanding the language on the deeds. We may, therefore, determine Wharton Savell's intention in executing the deeds. Mr. Savell stated that he was deeding the property for his children to have upon his death. He also indicated that he had informed the family of his intentions when he prepared the deeds. All of the family members except for appellant, who was fifteen years old and living away from home in 1980, were aware of Wharton Savell's intentions when preparing the deeds. Appellees stated in their affidavits that they had personal knowledge of the conditions applied to the transaction. Thus, there was clear and convincing evidence that Mr. Savell did not intend to divest himself of the property until his death. Further, all of his actions since executing the deeds is consistent with the fact that a trust was intended. We find that a resulting trust was orally engrafted on the deeds, that there was no genuine issue of material fact, and that the court properly granted appellee's motion

for summary judgment. Point of error one is overruled.

In point of error two, appellant contends that the trial court erred in finding that she did not have a present possessory interest in the property. She asserts that registration of a deed is prima facie evidence of delivery, and that a donor may validly transfer an estate in land without consideration.

While appellant is correct that a presumption does arise that recording a deed shows delivery, and that no consideration is required, these presumptions are rebuttable. *See e.g., Jackson v. Hernandez,* 155 Tex. 249, 285 S.W.2d 184, 190–91 (1956); *Hunter v. Meshack,* 471 S.W.2d 155, 157 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e); *Williams v. Anderson,* 414 S.W.2d 731, 734 (Tex.App.—Dallas 1967, no writ). As stated in the first point of error, we may look behind the deed to determine intent where there is no consideration. All the summary judgment proof supports the intent to create a trust by orally reserving a life estate at the time Mr. Savell executed the deeds. Additionally, the "presumption" of delivery is rebutted by the fact that he retained possession of the deeds and did not inform appellant of the transaction. As Mr. Savell's children are trustees of the resulting trust while Mr. Savell is alive, they do not have a present possessory interest in the land. Appellant's second point of error is overruled.

In the final point of error, appellant asserts that the court erred in denying her motion for summary judgment. Appellant sought partition of the land conveyed in the five deeds which she claims her father intended to give to his children.

In a suit to partition land, a party must show joint ownership in the land and a present possessory interest. *See Brelsford v. Scheltz,* 564 S.W.2d 404, 406 (Tex.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e). If the party seeking partition does not have a right to present possessory interest, the suit is premature. *Id.*

Of the property which was Mary Savell's half of the community property,

Wharton Savell is the life estate beneficiary of the testamentary trust. Having found that Wharton Savell intended to retain a life estate of all the property, whether his separate property or his half of the community property, a resulting trust was engrafted on the deeds. Consequently, appellant does not have a present possessory interest in the land. Without a present possessory interest, a suit for partition is premature, and the trial court properly denied appellant's motion for summary judgment. Further, appellant's mother put the property in trust for her father "for so long as he lives," and appellant has simply failed to present sufficient summary judgment proof that she has any present interest in the property. Appellant's third point of error is overruled.

Accordingly, the decision of the trial court is affirmed.