NO. 07-99-0317-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 27, 2001

______________________________

PANHANDLE BAPTIST FOUNDATION, INC. AND

HARDIN-SIMMONS UNIVERSITY, APPELLANTS

V.

CHARLES LEE CLODFELTER, ET AL., APPELLEES

_________________________________

FROM THE 100
TH
 DISTRICT COURT OF CARSON COUNTY;

NO. 8750; HONORABLE DAVID M. MCCOY, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellants Panhandle Baptist Foundation, Inc., and Hardin-Simmons University appeal from an adverse summary judgment in their attempt to establish ownership of part of a tract of land in Uvalde County, Texas, pursuant to a bequest in the will of C.R. Pickens (Pickens).  Appellants assert that the trial court erred in granting summary judgment to appellees Charles Lee Clodfelter, 
et al.
, because (1) fact questions existed as to whether a 1975 deed transferring the property to Pickens’s wife, Beulah, was delivered to and accepted by Beulah, (2) fact questions existed as to whether the 1975 deed contained a scrivener’s error and should be reformed, (3) the 1975 deed was a gift deed without consideration and the trial court failed to consider evidence regarding Mr. Pickens’s original intent, (4) the 1975 deed was ambiguous and the trial court refused to consider extraneous evidence in construing the deed and (5) the trial court’s finding that the 1975 deed was unambiguous was not dispositive of all material fact issues raised by the summary judgment evidence.  Appellants further contend that the trial court erred in failing to grant their counter-Motion for Summary Judgment.  We reverse the summary judgment and remand the case for further proceedings. 

BACKGROUND

C.R. Pickens owned, as his separate property via inheritance, approximately 1,316 acres of property in Uvalde County, Texas, known as the Wylesta Ranch.  A deed executed by Pickens on July 3, 1975 (“the 1975 deed”) was filed in Uvalde County on July 7, 1975.  The subject of the deed was the Wylesta Ranch.  The deed contained, in part, the following language:  

[W]HEREAS, C. R. PICKENS did thereafter convey by warranty deed an undivided one-half interest in and to said property to my wife, Beulah M. Pickens, said deed being executed October 2, 1970, but which deed has been lost:

NOW, THEREFORE, I, C. R. PICKENS, in consideration of TEN DOLLARS and the love and affection which I have for my beloved wife and in order to give full effect to the deed heretofore delivered to my said wife as aforesaid, do by these presents do grant, sell and convey unto the said BEULAH M. PICKENS of the County of Carson, State of Texas, all that certain lot, tract or parcel of land described as follows:

The “Wylesta Ranch” located in Uvalde County, Texas, described as follows:

 * * * *

TO HAVE AND TO HOLD the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said BEULAH M. PICKENS, her heirs and assigns forever. . . . 

On June 29, 1978, Pickens and Beulah executed a Boundary Agreement pertaining to the Wylesta Ranch.  The Boundary Agreement provided, in part, as follows:

WHEREAS, C. R. PICKENS and wife, BEULAH M. PICKENS, are the owners of a tract of land in Uvalde County, Texas, approximately 15 miles north of Sabinal, comprising 1,316 acres of land . . . being more particularly described in that certain Warranty Deed dated July 3, 1975, from C. R. Pickens to Beulah M. Pickens, which deed is recorded in Volume 200, pages 522-523, Deed Records of Uvalde County, Texas . . . .

The Boundary Agreement was recorded in the Uvalde County deed records.  The agreement was signed by Pickens and Beulah, as well as the adjoining landowners.  

On December 5, 1979, Pickens died testate.  Pickens’s will was dated October 29, 1975, and he had executed a codicil to the will on July 6, 1978 (collectively, “the will”).  Beulah was named in the will as executrix.  The will, as involved in the controversy before us, provided for Beulah to have a life estate in Pickens’s property, with the remainder interest to appellants.  Pickens’s property at the time of his death, according to appellants, consisted of the family homestead in Carson County, personal property, and one-half of the Wylesta Ranch.  The family homestead and personal property are not at issue in this appeal.
(footnote: 1)  At issue is whether Pickens owned one-half of the Wylesta Ranch when he died.  Appellants contend that he did, and that they, therefore, are owners of one-half of the ranch.  Appellees contend that he did not because the entire ranch was transferred to Beulah by the 1975 deed.  Appellees, therefore, assert that appellants have no interest in the Wylesta Ranch pursuant to Pickens’s will.
(footnote: 2)  

Both appellants and appellees filed motions for partial summary judgment as to the effect of the 1975 deed.  The trial court granted the motion of appellees on two specific “no evidence” grounds
(footnote: 3) advanced by appellees: (1) appellants could not prevail on any of their causes of action related to the Wylesta Ranch because appellants could not show that Pickens owned any part of the ranch at the time of his death, and (2) even if appellants could maintain an action for reformation of the 1975 deed, they could not prove an essential element of that cause of action.  The trial court stated in its order that the court found the 1975 deed was not ambiguous and that the deed conveyed all the interest of Pickens to Beulah.  The trial court specifically refused to consider any extraneous summary judgment evidence regarding execution of the deed.  After concluding that the deed unambiguously conveyed all of the ranch to Beulah, and determining that no evidence was presented on an element of appellants’ reformation cause of action, the trial court concluded that it could, and did, render final judgment as to the effect of the 1975 deed.  The trial court specifically denied appellants’ motion for partial summary judgment.  Pursuant to a motion by appellants, the partial summary judgment as to the 1975 deed was severed and final judgment entered on that aspect of appellants’ suit.   

Appellants urge that we reverse and remand the case to the trial court.  Additionally, appellants assert that the matters set out in their first four issues did not just raise material fact issues, but were established conclusively, and the trial court should have granted summary judgment in their favor as to the 1975 deed.  Thus, appellants urge in the alternative that we render judgment that Pickens owned one-half of the Wylesta Ranch at his death, and that appellants now own and are entitled to that one-half of the Ranch.  Appellees, on the other hand, urge that if the trial court’s summary judgment is reversed, we should consider the other bases urged by appellees in their Motion for Partial Summary Judgment and grant judgment in their favor on any of the bases set out in the motion which warrant granting of summary judgment. 
 
See
 
Baker Hughes, Inc. v. Keco R. & D., Inc.
, 12 S.W.3d 1, 5 (Tex. 1999); 
Cincinnati Life Ins. Co. v. Cates
, 927 S.W.2d 623, 626 (Tex. 1996).

Appellants’ first four issues assert that the 1975 deed (1) was never delivered by Pickens or accepted by Beulah, (2) contained a scrivener’s error and should be reformed, (3) was a gift deed, and the trial court was, therefore, required to consider evidence of the grantor’s intent in executing the deed, and (4) was ambiguous because a scrivener’s error resulted in the deed stating that all of the Wylesta Ranch was deeded to Beulah, as opposed to only one-half of the ranch, thereby creating an internal conflict with recitals of the deed which showed that Pickens intended the deed to be a replacement deed for a 1970 deed which transferred only one-half of the ranch.  Appellants’ fifth issue posits that even if the 1975 deed was properly determined by the trial court to unambiguously convey all of the ranch to Beulah, the matters raised in the trial court and addressed by appellants’ issues one through three should have been addressed by the trial court before final judgment was rendered.  Appellants’ fifth issue, in other words, urges that regardless of whether the deed was ambiguous, evidence was presented on claims which would negate the provisions of the deed as written, and that the trial court’s determinations as to the deed’s ambiguity and appellants’ claim for reformation do not warrant entry of final judgment.  We agree, in part,  with appellants’ fifth issue, and conclude that the summary judgment must be reversed.  We further conclude that neither appellants nor appellees are entitled to rendition of judgment.  We will, therefore, remand the case for further proceedings.

LAW

A.  Cross Motions for Summary Judgment

When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court reviews the summary judgment evidence of both parties, determines all questions presented, and renders the judgment that the trial court should have rendered.  
See
 
Bradley v. State ex rel. White
, 990 S.W.2d 245, 247 (Tex. 1999).  The appellate court must review all of the summary judgment grounds presented to and on which the trial court actually ruled, whether granted or denied, and which are dispositive of the appeal.  
See
 
Baker Hughes, Inc.
, 12 S.W.3d at 5.
  The appellate court may, in the interest of judicial economy, consider any summary judgment grounds presented to but on which the trial court did not rule, and which are preserved for review.  
See
 
Cincinnati Life Ins. Co.
, 927 S.W.2d at 626.

B.  
No Evidence Motion for Summary Judgment

After adequate time for discovery, a party may move for a summary judgment as to all or any part of a lawsuit on the basis that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.  
Tex. R. Civ. P.
 166a(a),(b),(i).  A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  
Aguirre v. South Texas Blood & Tissue Center
, 2 S.W.3d 454, 456 (Tex.App.--San Antonio 1999, pet. denied); 
Roth v. FFP Operating Partners, L.P.
, 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, pet. denied).  We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  
Merrell Dow Pharmaceuticals, Inc. v. Havner
, 953 S.W.2d 706, 711 (Tex. 1997); 
Roth
, 994 S.W.2d at 195.  A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact as to the element on which the motion is based.  
Id
. 

C.  Traditional Motion for Summary Judgment

To prevail on a motion for summary judgment other than a no-evidence motion, a party must conclusively establish the absence of any genuine issue of material fact and that the party is entitled to judgment as a matter of law.  
Tex. R. Civ. P
. 166a(c).  Such a summary judgment may be granted when the movant has met the standards set out in 
Nixon v. Mr. Property Management Co.
, 690 S.W.2d 546, 548-49 (Tex. 1985): 

1.  The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  

2.  In determining whether there is a disputed issue of material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3.  Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

The non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment.  
City of Houston v. Clear Creek Basin Authority
, 589 S.W.2d 671, 678 (Tex. 1979). 

D.  Conveyance by Deed

In order for a deed to transfer title to property, delivery of the deed must occur.   
Taylor v. Sanford
, 108 Tex. 340, 193 S.W. 661, 662 (1917)
.  No particular form of words or action is required to constitute delivery of a deed.  
Id
.  When a deed is signed, acknowledged and recorded, a presumption arises that the deed has been delivered, 
see
 
Vannerberg v. Anderson
, 146 Tex. 302, 206 S.W.2d 217, 219 (1947); 
Savell v. Savell
, 837 S.W.2d 836, 840 (Tex.App.--Houston [14
th
 Dist.] 1992, writ denied), and that the grantor intended to convey the land according to terms of the deed.  
See
 
Thornton v. Rains
, 157 Tex. 65, 299 S.W.2d 287, 288 (1957). 

No person can be made a grantee of property against their will.  
Taylor
, 193 S.W. at 662.  Thus, conveyance of property is not complete without both delivery by the grantor and acceptance by the grantee.  
See
 
id
; 
Tanner v. Doty
, 311 S.W.2d 508, 509-10 (Tex.Civ.App.--Fort Worth 1958, writ ref’d n.r.e.).  A deed that is not accepted by the grantee does not convey any interest in the property.  
See
 
Martin v. Uvalde Sav. and Loan Ass’n.
, 773 S.W.2d 808, 812 (Tex.App.--San Antonio 1989, no writ)
; 
Robert Burns Concrete Contractors, Inc. v. Norman
, 561 S.W.2d 614, 618 (Tex.Civ.App.--Tyler 1978, writ ref’d n.r.e.).  Just as the recording of a deed creates a presumption that the deed was delivered, recording creates a presumption that the grantee accepted the deed.  
Texas Land & Mortgage Co. v. Cohen
, 138 Tex. 464, 159 S.W.2d 859, 863 (1942); 
Sorsby v. State
, 624 S.W.2d 227, 234 (Tex.Civ.App.--Houston [1
st
 Dist.] 1981, no writ).  Presumptions of both delivery and acceptance may be rebutted by contrary evidence.  
See
 
Thornton
, 299 S.W.2d at 288; 
Hennessey v. Bell
, 775 S.W.2d 650, 651 (Tex.App.--Corpus Christi 1988, writ denied); 
Tanner
, 311 S.W.2d at 509. 

Acceptance of a deed cannot be partial.  
See
 
Chandler v. Hartt
, 467 S.W.2d 629, 632 (Tex.Civ.App.--Tyler 1971, writ ref’d n.r.e.).  If a deed is accepted, the grantee accepts all of its terms and provisions.  
Rutten v. Cazey
, 734 S.W.2d 752, 755 (Tex.App.--Waco 1987, writ denied); 
Chandler
, 467 S.W.2d at 632.   

 A gift is a voluntary transfer of property to another made gratuitously and without consideration.  
Hilley v. Hilley
, 161 Tex. 569, 342 S.W.2d 565, 569 (1961).  Three elements are required to establish the existence of a gift:  (1) intent to make a gift;  (2) delivery of the property;  and (3) acceptance of the property.  
Roberts v. Roberts
, 999 S.W.2d 424, 432 (Tex.App.--El Paso 1999, no pet.).  
A donor may validly transfer an estate in land by deed without consideration therefor, the lack of consideration being an essential characteristic of a gift.  
See
 
Kunkel v. Kunkel
, 515 S.W.2d 941, 
946 (Tex.Civ.App.--Amarillo 1974, writ ref’d n.r.e.).  
In determining whether a gift was intended by the execution of a deed, we must look to the facts and circumstances surrounding its execution in addition to the recitation in the deed itself.  
Haile v. Holtzclaw
, 414 S.W.2d 916, 927 (Tex. 1967).  Acceptance of a gift deed by the grantee is presumed, unless such
 
presumption is rebutted by showing a rejection.  
Taylor
, 193 S.W. at 662; 
Dikes v. Miller
, 24 Tex. 417, 423 (1859); 
Sorsby v. State
, 624 S.W.2d at 234
.

ANALYSIS

The trial court’s summary judgment in favor of appellee was based on two specified no-evidence parts of appellee’s motion for partial summary judgment.  First, appellees urged that appellants could not prove that Pickens owned any part of the Wylesta Ranch at the time of his death (Section III, paragraph 3 of appellees’ motion).  This assertion was based on appellees’ position that the 1975 deed transferred all of Pickens’s interest in the ranch to Beulah.  The second part of appellees’ motion which was granted (Section III, paragraph 4c) depended on the trial court’s determining that the 1975 deed transferred all of Pickens’s interest to Beulah.  Once the conclusion was reached that the deed transferred the entire ranch to Beulah, and the trial court further determined that appellants presented no evidence to create a question of fact on their claim of entitlement to reformation of the 1975 deed, the trial court apparently concluded that final judgment was in order as to claims relating to the 1975 deed.  

Appellants, however, disagree with such conclusion.  Appellants urge in their fifth appellate issue that summary judgment was not proper even if the 1975 deed unambiguously conveyed all of the ranch to Beulah
, so long as appellants’ summary judgment evidence raised fact issues as to (1) delivery (and acceptance) of the deed, (2) a scrivener’s error in stating that all the ranch was conveyed to Beulah as opposed to one-half of the ranch (encompassing appellants’ claim seeking reformation of the deed) or (3) whether the deed was a gift deed without consideration.  

We agree with appellants’ position as set forth in their fifth issue, in part.  We determine that the fifth issue is dispositive of appellants’ appeal via its incorporation of their first issue by which they assert that the summary judgment evidence raised a fact issue about whether delivery and acceptance of the 1975 deed took place.  

If delivery of the 1975 deed by Pickens and acceptance of the deed by Beulah did not both occur, then the deed was not effective to convey the Wylesta Ranch to Beulah, either in whole or in part.  
See
 
Taylor
, 193 S.W. at 662; 
Tanner
, 311 S.W.2d at 509-10.  If the deed was not effective because it was not either delivered or accepted, then the issues of ambiguity of the deed, occurrence of a scrivener’s error, or Pickens’s intent in executing the deed are not material.  

The deed was signed and acknowledged by Pickens, and was recorded.  Such state of facts creates presumptions that the deed was delivered,  
see
 
Vannerberg
,  206 S.W.2d at 219; 
Savell
, 837 S.W.2d at 840; and that Beulah
 accepted the deed, 
see
 
Cohen
, 159 S.W.2d at 863; 
Sorsby
, 624 S.W.2d at 234
.  Both presumptions are subject to rebuttal by evidence.  
See
 
Thornton
, 299 S.W.2d at 288; 
Tanner
, 311 S.W.2d at 509.  If the deed was a gift deed, acceptance is rebutted by showing a rejection of the deed.  
Taylor
, 193 S.W. at 662; 
Sorsby
, 624 S.W.2d at 234
.  

The recording of the 1975 deed created a presumption that Beulah accepted the deed, which the trial court determined unambiguously conveyed all the Wylesta Ranch to her.  Yet summary judgment evidence showed that Beulah did not assert ownership to all of the ranch.  For example, the boundary agreement she signed in 1978 recited that Pickens and Beulah were both owners of the ranch.  The same agreement specifically referenced the 1975 deed which appellee Charles Clodfelter testified that she was unaware of.  Her will dated April 19, 1983, recited that she and Pickens jointly owned the ranch at the time of Pickens’s death.  Summary judgment evidence showed that she expressed a belief that she owned only one-half of the ranch. 

Reviewed according to summary judgment standards of review, 
see
 
Havner
, 953 S.W.2d at 711
, the record contains evidence that (1) Beulah did not accept the 1975 deed which the trial court determined would have conveyed the entire ranch and (2) Beulah rejected the 1975 deed and its grant of all the ranch.  
See
 
Taylor
, 193 S.W. at 662
; 
Sorsby
, 624 S.W.2d at 234
.  If Beulah did not accept the 1975 deed, or rejected the deed, assuming the deed was unambiguous as the trial court determined, then whether the deed was subject to reformation would not be material because the deed would not have conveyed Pickens’s interest to Beulah.  Whether acceptance is considered to be an element of delivery, 
see
 
Martin
, 773 S.W.2d at 812; 
Robert Burns Concrete Contractors, Inc.
, 561 S.W.2d at 618, or whether it is considered to be a separate element of conveyance by deed, the result in this case is the same:  appellees were not entitled to the summary judgment rendered by the trial court.

Both appellants and appellees request rendition of judgment in their respective favors based upon grounds presented to the trial court in their motions for summary judgment.  We decline to render judgment.  The grounds presented to the trial court and preserved for appellate review are not dispositive grounds, given our determination that fact questions precluding summary judgment exist as to delivery and acceptance of the 1975 deed.  
See
 
Tex. R. App P
. 47.1; 
Baker Hughes, Inc
., 12 S.W.3d at 5.      

CONCLUSION

The judgment of the trial court is reversed and the case is remanded for further proceedings.  
Tex. R. App. P
. 43.2(d).    

Phil Johnson

    Justice

Publish.   

FOOTNOTES
1:
See footnote 2.

2:
Beulah died on July 6, 1996.  Beulah executed various wills bequeathing the remainder of Pickens’s estate to appellants.  A will for Beulah has not been admitted to probate.  Appellees, however, agree in their brief that appellants are entitled to whatever comprises “the remainder of the estate of C. R. Pickens” and do not contest appellants’ right to the remainder interest in the Carson County homestead and Pickens’s personal property.  

3:
See
 
Tex. R. Civ. P
. 166a(i).  Appellants have not challenged the form of appellees’ no evidence motion for summary judgment.